Wheeler, J.
In the case of Hipp v. Bissel (3 Tex. R.) the judgment of the District Court was reversed because of the improper refusal of a continuance. In that case there had been a strict and literal compliance with the requirements of the statute. But in the present case there has not been such compliance. The affidavit does not state that the party has used due diligence to obtain the testimony of the witness. It admits that the witness liad not been subpoenaed, but seeks to excuse the non-observance of this ordinary diligence by setting forth the circumstances which had induced the belief on the part of the affiant that the witness would be present at the trial. The facts stated, however, in our opinion, do not constitute that diligence which the law requires. It has provided ■parties with the process of the court by subpoena, and in case of its non-observ•ance, attachment to enforce the attendance of witnesses; and where a party has omitted to employ the means provided by the law when practicable, the omission will in general be fatal to his application. If he elects to employ other means than those provided by law, it will be at his peril. Accordingly it is held that where a party neglects to subpoena a witness and relies on his promise to attend, his non-attendance will not be a cause of continuance. (Anthon, 198; 1 Rep. Con. Ct., 198.) Au exception to this rule has been allowed where an attorney of the court was a witness and promised to attend, (2 Dall. R., 183,) and also where a material witness is absent whose .attendance could not be procured by subpoena, the cause of whose inability to attend is such that an attachment for contempt would not be issued against him for failing to obey a subpoena. (2 Scam. R., 454.) But the present case does not come within these exceptions, and we are of opinion that’ there was no error in refusing a continuance.
The action of the court in striking out the demurrer was at most a mere irregularity, which did not effect the final result of the suit. It is not perceived nor is it insisted that the petition is in any respect defective or insufficient. The demurrer, therefore, had it been entertained, must have been overruled. The mere irregularity of striking it out when there should have * judgment of the court overruling it will not authorize a reversal of the judgment. Ho essential right of the party was affected by the ruling.
We are of opinion tliat there is no error in the judgment, and that it be affirmed.
Judgment affirmed.