LiFSCOMB, J.
The appellant has assigned the following errors:
1st. The court erred in overruling the application for a continuance.
2d. In instructing the jury, absolutely, to find for the plaintiff.
3d. In overruling the motion of the appellant for a new trial.
We will consider these in the order in which they have been presented. The cause had been continued at the previous term oE the court, on the affidavit of the defendant, (appellant in this court,) and our statute requires that the motion for a continuance, a second time, must he supported by an affidavit, not only showing what the party expects to prove by the absent witness, but must also show what diligence he has used to procure the evidence. (Hart. Dig., art. Slu.) The court below thought the showing not sufficient, because the -defendant had not issued a subpoena until three days before tlie motion was made. The importance of having witnesses subpoenaed a reasonable time before the court meets is manifest. It should be long enough to enable the witness to arrange his affairs, so that lie could attend without personal inconvenience, or a loss from being drawn off from his own business; or to take his deposition if he could not attend. The showing of diligence acquires no strength from the suggestion, made in this court, that the witness was an attorney, and that his attendance upon the court might have been reasonably -expected. Ilis profession is not made a matter of record in this suit; and we are not authorized judicially to go beyond the record and recognize him as an attorney. Even if the fact had been proven, it would not have justified a relaxation of the diligence required by the law. I say the mere fact of the witness being an attorney would not be sufficient. It should be shown that he was in the habit of attending the court in the prosecution of his profession •to create any presumption that lie would be in attendance on the court. There are a great many men who have license to practice law who never enter the court-house, unless under subpoena. I have no doubt that in the ease in 2 Dall., 183, cited in Hensley v. Lyttle, (5 Tex. R., 500,) it was made further to appear that the attorney was generally in attendance, and practicing his profession in the court, and that it did not rest upon the mere fact of the witness having license to practice law. But, as before stated, we cannot judicially know that the witness was licensed to practice until the fact has been made known to us. T think that proper diligence was not shown to have been used, and tliat the court did not err in overruling the appellant’s application for a continuance.
On the second ground assigned as error, the court charged the jury, “ that “as the defendant, Parker, did not prove there was a failure of consideration, ■“the jury will find for the plaintiff.” If there had been any evidence, however slight, of a failure of consideration, the charge would have been wrong *60 and would have been of a character calculated to influence the jury in finding a verdict for the plaintiff, as it is not likely, after such a denouncement of the evidence, the jury would have considered it as any evidence at all. But the charge must be considered with reference to the pleading, and the facts proven. The suit was on a note of hand, made by the defendant and not denied by him. I-Ie sought to avoid it by special matter as a failure of consideration. This-matter of defense was specially set out in his answer. There was but one witness testified ; and lie was the defendant’s witness. Neither this witness nor the deed offered by the defendant, amounted to a scintilla of proof of the truth of the allegation in the defendant’s answer, of a failure of (.lie consideration on which the note was given. The charge of the judge was nothing more than the conclusion to which the jury were hound to have come if the charge liad not been given. In such a case the court was not charging on the weight of evidence.
Under the last assignment of error, that a new trial ought to have been granted, appellant contends that the verdict of the jury is so uncertain that it ought to have been sot aside. The verdict is believed to be sufficiently certain according to the rule laid down in several cases heretofore decided: “That if “it can be made ccrtaiu by applying it to the record of the case, it is sufficient.” In this case, the finding of the jury furnishes sufficient data to arrive at certainty;, and this is believed to be sufficient.
In answer to the objections to the sufficiency of the vendee’s deed received from the sheriff, it is sufficient to say that no such objection was set up in the court below by pleading or otherwise; and it is not assigned for error. The rule is well settled that the defense will be confined to the mal ter alleged in the auswor; and the evidence must be confined to the issues made in the pleading. (Keeble v. Black, 4 Tex. R., 69; Guess v. Lubbock, adm’r., 4 Tex. R., 535; Wells adm’r. v. Fairbank, Id., 582.) We find no error in the judgment; it must be affirmed.
Judgment affirmed.
Noth 21. — Reid v. Reid, 11 T., 585; Wintz v. Morrison, 17 T., 372; Bond v. Mallow, 17 T., 636; Mitchell v. DeWitt, 20 T., 294. When tlio court, in instructions to the jury, submits issues upon, which there has boon no evidence, and it is not clear that the jury have not thereby been misled, tlio judgment must be reversed. Austin v. Talk, 20 T., 104.
Note 22. — Avery v. Avery, 12 T., 54; Galbroath v. Atkinson, 15 T., 21; Moke v. Fellman, 17 T., 367; Pearce v. Bell, 21 T., 688.