No. 1937.

## LEON & H. BLUM v. BASSETT & BASSETT ET AL.

1. CONTINUANCE.—An affidavit for continuance made by plaintiff on the eighteenth of the month, when the case was called for trial, set forth that on the eleventh of the month the plaintiff caused a subpœna to be issued for an absent witness, which was served on the witness by the officer on the seventeenth day of the month; that the witness resided in the county where the suit was pending; that the testimony of the witness was material; that plaintiff had used due diligence to procure the testimony of the witness; that the witness had not obeyed the subpœna, and was not in attendance on court. The application was the first made by plaintiff. *Held:*

   (1) It was not necessary when the witnesses were served that the witnesses' fees should have been tendered, and this is not in conflict with Hensley v. Lytle, 5 Texas, 497.

   (2) A deputy sheriff may serve a subpœna issued in a cause wherein the principal sheriff is a party.

   (3) That the affidavit was made by the agent of the plaintiff was immaterial, and this case distinguished from Robinson v. Martell, 11 Texas, 75.

   (4) The affidavit was in strict conformity with the statute, and was sufficient.

2. CUSTOM—EVIDENCE.—The fact that a loan of money under circumstances stated was unusual and violative of custom among bankers, can not be given in evidence against the bankers making the loan, in a suit by an attaching creditor against them and the borrower to establish fraud and collusion and to postpone the levy made by the bankers to secure the loan to a subsequent attaching creditor.

3. EVIDENCE.—In a suit by a subsequent attaching creditor, to secure precedence in the satisfaction of his debt over the lien of a former attachment, it is not admissible to prove on the trial by the defendant, who was plaintiff in the first suit, that he knew of no facts that tended to show that defendant in the first attachment was about to transfer his property for the purpose of defrauding his creditors. That he knew of no such facts might subject the witness to a civil suit by the defendant in attachment, but would determine nothing as to right to precedence in satisfaction of debts out of the attached property.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

This suit was by Leon & H. Blum, junior attaching creditors of H. Cohn, against Bassett & Bassett, Charles Wenar, J. S. Newbauer and others, seeking to set aside the attachments of

Bassett & Bassett, J. S. Newbauer & Brother, Charles Wenar, Isaac Heidenheimer and S. Lederer, on the ground that they were fraudulent and the claims fictitious and were collusive, and to have the property levied on under the writs of Bassett & Bassett et als., first subjected to the payment of the debt of Leon & H. Blum.

The defendants denied the allegations of fraud.    Judgment was rendered in favor of the defendants, from which this appeal was prosecuted.    The character of the affidavit for continuance is stated in the syllabus.

The proposition under the seventh assignment of errors was as follows:    The court erred in refusing to permit the witness J. S. Newbauer to state what facts he knew of that justified him in making an affidavit for an attachment, that Henry Cohn was about to transfer his property for the purpose of defrauding his creditors.

The witness, who was one of the defendants, was asked the following question, which the court refused to permit him to answer:    "You state in the affidavit for attachment that Henry Cohn is about to dispose of his property for the purpose of defrauding his creditors.    State the facts which you had within your knowledge that justified you in making the affidavit. Secondly, did you know any facts, or have any knowledge of any facts to the effect that Henry Cohn was about to dispose of his property to defraud his creditors?"    His attachment was sued out on the ground that Cohn was about to dispose of his property with intent to defraud his creditors.

*Scott & Levi, Garrett, Searcy & Bryan* and *C. R. Breedlove*, for appellant, on their proposition that the application for continuance, being the first application and in form in compliance with the statute, the court erred in refusing to grant the same, cited Revised Statutes, Article 1277; Lieb v. Washington County, Galveston term, 1885, 5 Texas Law Review, 71; Prewitt v. Everett, 10 Texas, 283; McMahan v. Busby, 29 Texas, 191.

*Sayles & Bassett*, for appellees, on the question of continuance, cited Act of April 21, 1879, Sixteenth Legislature, page 126; Cotton Press Company v. Bradley, 52 Texas, 587; Galveston, Harrisburg & San Antonio Railway Company v. Gage, 63 Texas, 568; Texas & Pacific Railway Company v. Hardin, 62 Texas, 367.

WILLIE, CHIEF JUSTICE.   We are of opinion that the court erred in overruling the appellant's motion for a continuance. The affidavit upon which the motion was based was in strict conformity with the statute regulating applications for a first continuance.   The service of the subpœna upon the witness was all the diligence required, and it was not necessary that his fees should be tendered.   This is too well settled in our practice by decisions of this court to require further discussion.   (Transportation Company v. Hyatt, 54 Texas, 215; Prewitt v. Everett, 10 Texas, 283; McMahan v. Busby, 29 Texas, 191; Cleveland v. Cole, 65 Texas, 402.)

These cases are not in conflict with Hensley v. Little, 5 Texas, 497.   For there no subpœna had been served on the witness, and the party making the affidavit had relied solely upon his promise to attend court.   The court did not say that it was necessary to tender fees, but it is plain from the whole decision that the continuance was held properly denied because a subpœna had not been served upon the witness.

We are pointed to no statute forbidding a deputy sheriff to serve a subpœna issued in a cause wherein the principal sheriff is a party.   The statute provides that where the sheriff is a party to a suit the citation shall be directed to any constable of the county.   (Rev. Stat., art. 1217.)   Specifying this particular process impliedly excludes all others and permits their service by officers other than the constable, as in other cases.   At any rate there is no law disqualifying the sheriff or his deputies from serving a subpœna in a suit like the present, and, the statute not disqualifying them, we can not do so.

Our Revised Statutes expressly authorize an agent to make any affidavit that it may become necessary or proper for his principal to make during the progress of a civil suit or judicial proceeding (Article 5), and the facts set forth in the motion seem, in this case, to have been sworn to as the personal knowledge of the agent. The case of Robinson v. Martell, 11 Texas, 75, was decided before any statute of this kind was in existence.   That decision, too, was placed upon the ground that the agent or attorney could not know that the witness was not absent through the procurement or consent of the principal.   This fact becomes important only upon a second or some subsequent motion for a continuance, and is not required to be stated in a first application.   The reason for the rule as stated in that case does not, therefore, apply to the present.   The other grounds upon which the court's ruling upon

the motion to continue is sought to be sustained are not such as to demand attention.

The court did not err in excluding the testimony set forth under the second and third assignments of error. It was sought through this testimony to prove a custom to contradict a fact plainly established by positive testimony. This is not allowable, as has been held by this court in the case of International & Great Northern Railway Company v. Gilbert, 64 Texas, 541. It had been positively testified that Cohn got in money from Bassett & Bassett every dollar for which his notes to them were given. It was, therefore, a matter of no importance that other bankers would not have let him have the money under similar circumstances, or that it was out of the course of business of bankers in the place to make such loans. Bassett & Bassett chose to violate such a custom in this particular, and that they did so was no evidence whatever of fraud on their part or of a collusion with Cohn to defraud his other creditors, but rather to the contrary, as it was a step toward enabling Cohn to continue in business.

. We can not see what bearing the amount of taxes for 1883, given in by Bassett & Bassett to the assessor of Washington county, had upon the question in dispute, and the brief of counsel does not show its pertinency.

The questions to the witness Newbauer were also properly ruled out. Suppose he had answered that he knew of no facts that tended to show that Cohn was about to transfer his property for the purpose of defrauding his creditors, what bearing would the answer have had upon the questions at issue? It might have subjected him to a civil suit by Cohn for wrongfully obtaining the attachment, but it would not have entitled a subsequent attaching creditor to take precedence over him in satisfaction out of the attached property. But admitting that it would have been a link in a proper chain of evidence to show that the attachment was sued out by collusion with Cohn, there is nothing in the statement from the record made by the appellants to show that a single fact was proved which, taken in connection with any answer the witness could have made, would have proved collusion between himself and Cohn, the defendant in attachment. The isolated fact proposed to be proved would not have benefited the plaintiff's case under the circumstances, and he was not, therefore, prejudiced by its exclusion. The question propounded to the witness Wenar was too obviously

without relevancy to the controversy between the plaintiffs and the defendant to require any argument to show that it was justly excluded.

But, for the error of the court in refusing to continue the cause, as pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered December 21, 1886.