T. M. Campbell, Receiver of International & Great Northern Railway Company, v. R. W. McCoy.

No. 172.

1. **Continuance — Insufficient Application.** — Defendant knew of the testimony of the absent witness six weeks before the case was tried. The witness had promised to be present, but moved out of the county before trial, and no subpœna had ever been issued. The facts expected to be proved were not stated, nor that the applicant had a reasonable expectation of procuring his testimony by the succeeding term of the court. The motion was addressed to the discretion of the court, and we can not say that the court below abused its discretion in overruling it.

2. **Contributory Negligence — Charge.**—To defeat the plaintiff's right to recover, where negligence is shown on the part of defendant, the plaintiff must be guilty of negligence which proximately contributed to his injury; and what is meant by "proximately contributed to his injury" is, that the plaintiff's negligence was such that without it he would not have been injured. The requested charge omitted this element of contributory negligence, and was properly refused.

3. **Charge Commended on Contributory Negligence.** — The court below charged: "If plaintiff, by his negligence, contributed to his injury to such an extent that but for it he would not have been hurt, you will find for the defendant." This was a proper charge, and not on the weight of evidence, nor misleading.

4. **Evidence Sufficient to Support Verdict for $2500.**—It can not be held that a verdict for $2500 is excessive, in favor of a young man whose right hand was crushed while an employe of a railway company, without fault on his part.

Appeal from Anderson.    Tried below before Hon. F. A. Williams.

*G. H. Gould*, for appellant.—The court erred in instructing the jury, that "If his [plaintiff's] negligence contributed to his injury to such an extent that but for it he would not have been hurt, you will find for the defendant;" because if plaintiff contributed to his injury to any degree he could not recover. Railway v. Smith, 52 Texas, 183; Railway v. Richards, 59 Texas, 373, and authorities.

*A. W. Gregg*, for appellee.—1. It is not diligence entitling to a first or subsequent continuance on account of the absence of a witness, to rely on the promise of the witness to attend court, made four or five weeks before trial; nor is it diligence to show that the opposite party filed interrogatories to the witness on account of whose absence the continuance is sought, and that applicant filed cross-interrogatories, and relied on his adversary to take out commission and see that the answers were taken. Railway v. Hardin, 62 Texas, 367.

2. Contributory negligence, to bar a recovery, must be such that but for it the injury complained of would not have been suffered.   6 Wait's

Act. and Def., 583 (sec. 1), 587 (sec. 2); Railway v. Leslie, 57 Texas, 87; Railway v. Clemmons, 55 Texas, 88.

PLEASANTS, ASSOCIATE JUSTICE.—The appellee, R. W. McCoy, who was in the employment of appellant as brakeman, on the 16th of September, 1890, while attempting to uncouple two cars in the regular discharge of his duties, had his right hand injured; and the injury, as alleged by the plaintiff, was the direct result of the negligence of defendant in furnishing plaintiff with a worn and defective coupling. The plaintiff laid his damages at $10,000. The defense was contributory negligence on part of plaintiff and negligence of his fellow servants. A verdict and judgment were rendered for plaintiff for $2500, and defendant appealed.

The appellant's first assignment of error impugns the correctness of the judgment of the court refusing his application for a continuance. The application shows, that no subpœna was issued for the witness, though the materiality of his testimony was known to defendant's counsel some six weeks before the cause was tried, and counsel was informed by the witness that he would attend the trial and testify. Counsel intended to have a subpœna issued for the witness some two weeks before the commencement of the trial, but before that time arrived the witness left the county. Where the statutory remedy for obtaining testimony has not been used, the application for continuance is addressed to the discretion of the court, and we can not say, from the facts before us, that the court abused its discretion in refusing the application for a continuance in this instance. The facts expected to be proved were not stated, nor was there an averment that applicant had reasonable expectation of procuring the testimony by the succeeding term of the court, if the continuance should be granted. Railway v. Hardin, 62 Texas, 369.

The next assignment of error complains, that the court refused to give the following instruction asked by defendant: "That notwithstanding defendant was guilty of negligence in having a defective drawhead, yet if plaintiff, by his negligence or carelessness in handling the pin, contributed to his injury, he can not recover." To defeat the plaintiff's right to recover where negligence is shown on part of defendant, the plaintiff must be guilty of negligence which proximately contributed to his injury; and what is meant by "proximately contributed to his injury" is, that the plaintiff's negligence was such that without it he would not have been injured. The requested charge did not, we think, correctly state the law, and consequently there was no error committed by the court in refusing to give it. Wood's Mast. and Serv., 638.

The third assignment is, that the court committed error in charging the jury, that "If plaintiff, by his negligence, contributed to his injury to such an extent that but for it he would not have been hurt, you will find for defendant." It is insisted that this charge is upon the weight

of evidence. That if plaintiff contributed in any degree to his injury, through his negligence, he can not recover, and that therefore the qualifying words in the charge, "to such an extent that but for it he would not have been hurt," make the charge one upon the weight of evidence, and are misleading. A charge almost in the identical words of the one under discussion was given by the trial judge in the case of Railway v. Ormond, 64 Texas, 489; and upon appeal, it was approved and commended by the Supreme Court of this State. We therefore hold that the charge is neither misleading nor upon the weight of evidence.

The fourth assignment of error is, that the court should have granted a new trial, because the court erred in the particulars set out in the previous assignments; and because the verdict is contrary to the law and the evidence, and is against the great weight of the evidence, which shows that plaintiff's injury was the direct result of his own contributory negligence; and the verdict is grossly excessive. Before considering and disposing of this assignment, we will state our conclusions upon the facts given upon trial, as the same are detailed in the agreed statement. The injury was inflicted about 9 o'clock at night on the 16th of September, 1890, at Tyler, while the cars were standing still, and plaintiff was in the act of uncoupling two of the cars. Plaintiff gave the engineer the signal to slack the train, and while that was being done, he stepped between the cars, and with his right hand took hold of the head of the pin, next to the hind car, and when the slack came the drawhead on the hind car gave back under the car and caught plaintiff's hand between the head of the pin and the dead wood of the car, mashing his little finger in such manner as to necessitate its amputation, and tearing the leaders of the lower part of the hand so that the finger next to the little finger is drawn about halfway towards the palm of the hand, and can not be straightened. The plaintiff remained in the defendant's hospital about three weeks, and was under treatment by defendant's surgeon for about three months; and he was unable to use his hand for four months, and was suffering with it at the time of trial, December, 1891. His ability to perform any kind of manual labor is much impaired by the injury.

The car which plaintiff was attempting to uncouple was one which had just before the accident been received in the yard from the Cotton Belt Railway. The defect in the drawhead could not be discovered without getting down under the car. The rules of the defendant company required that cars received in its yard from other railroads should be inspected before moved from the yard; and if found out of fix, and not in a condition safe to be handled, such defect should be indicated by placing the proper notice upon the car found to be unsafe. There was nothing on this car to indicate to plaintiff that it was defective or unsafe; and the evidence showed that it was not the duty of the plaintiff to make the inspection of the cars in the yard, under the rule requiring their inspection;

that duty belonged to another servant of the company. Plaintiff did not know of the defect in the drawhead; he had never seen the car before. He had been brakeman about eight months before his injury, and was in the employment of the defendant at the time of the injury.

The plaintiff in removing pins when uncoupling cars placed his hand upon the head of the pin, his fingers being between the pin and the deadwood, and waits for the slack of the train, and then while the slack comes, he draws out the pin.

Several experienced brakemen testified, that the proper and prudent way to uncouple cars is, not to take hold of the pin with the whole of the hand, but only with the thumb and the forefinger, holding the hand above the head of the pin, and not touch the pin until after the slack comes; that it is more dangerous to place the fingers on the head of the pin and await the slack, as plaintiff did, than to wait until the slack comes, and then seize the head of the pin. From the testimony of these witnesses it further appeared, that only experts in the business could wait for the slack before seizing the pin; that it requires great quickness to seize the pin after the slack comes, and remove it before the slack leaves; and it appeared also, from this testimony, that there was no established rule or method for uncoupling cars.

These witnesses also testified, that a prudent brakeman would look out for defective drawheads when the cars were received from another railway, and not known to the brakeman; that it was well known to brakemen that the drawheads of cars just off of a trip are frequently out of fix.

Our conclusions upon these facts are, that while the evidence may show that plaintiff was not as expert in coupling and uncoupling cars as others, it does not prove that the acts of plaintiff done in attempting to uncouple the cars were such as a man of ordinary prudence would not have committed. Nor does the evidence show, that but for the acts of plaintiff he would not have been hurt. Such being our conclusions upon the facts, we can not say that the jury were wrong in giving verdict for plaintiff; nor can we say that the verdict is excessive. It can not be said, we think, that $2500 is more than a reasonable compensation to a young man for an injury to his right hand, such as the plaintiff has sustained. To defeat the right of plaintiff's recovery, as we have before intimated, upon the ground of contributory negligence, it is necessary that the negligence must be such as a man of ordinary prudence would not be guilty of, and that but for his negligence plaintiff would have escaped injury. Our opinion is, that the court committed no error in refusing the motion for a new trial.

Judgment of the lower court is affirmed.

*Affirmed.*

Delivered May 18, 1893.