CHARLES A. FRITCH V. J. M. ENGLISH
TRUCK LINE, INCORPORATED.

No. A-3435. Decided February 27, 1952.
Rehearing overruled April 2, 1952.
(246 S. W., 2d Series, 856.)

*Morris, Underwood & Oldham,* of Houston, *Graves Dough-erty & Greenhill, Ireland Graves* and *Joe Greenhill,* all of Austin, for petitioner.

It was error for the Court of Civil Appeals to hold that the trial court committed error in refusing defendant's motion for continuance. Hensley's Admr. v. Lytle, 5 Texas 497; Parker v. Leman, 10 Texas 116; Massengill v. Henwood, 138 Texas 317, 159 S.W. 2d 119.

*Dyess & Dyess,* and *Arthur D. Dyess, Jr.,* of Houston, for respondent J. M. English Truck Line, Inc.

MR. JUSTICE CALVERT delivered the opinion of the Court.

The only question in this case decided by the Court of Civil Appeals and argued in this Court is this: Did the trial court abuse its discretion in overruling defendant's motion for continuance? The Court of Civil Appeals has held that it did and on that ground alone has reversed the trial court's judgment for plaintiff, which judgment was based upon a jury's answers to special issues, and has remanded the cause for retrial. 243 S.W. 2d 464.

The application for writ of error by a single point of error challenges the correctness of the ruling of the Court of Civil Appeals. Defendant has not favored us with an answer or reply to the application. In oral argument, advanced on the submission of the cause, defendant's counsel not only contended that the

Court of Civil Appeals had ruled correctly on the continuance question but contended also, for the first time, that this Court has no jurisdiction of the case and therefore should not have granted the application in the first instance. In the application for writ of error jurisdiction of this Court was said to attach under section 2 of Article 1728, V.A.C.S., in that the holding of the Court of Civil Appeals in this case was in conflict on a question of law with prior holdings of this Court and of other Courts of Civil Appeals. Two of the cases with which the holdings here was said to be in conflict so as to confer jurisdiction upon this Court, and with which we think it is in conflict, are Hensley's Adm'rs. v. Lytle, 5 Tex. 497, 55 Am. Dec. 741 and Campbell v. McCoy, 3 Tex. Civ. App. 298, 23 S.W. 2d 34 (no writ history).

The witness whose absence was made the basis of the motion for continuance was one O.E. Greenhaw, who was not an officer nor an employee of the defendant, and, so far as the record reflects, was in no way connected with nor obligated to the defendant. Plaintiff does not contend that the testimony of this witness was not material to the defendant's case; he contends only that the defendant did not establish the use of such diligence to procure the attendance of the witness nor to obtain his testimony as to require the granting of the motion for continuance. To properly evaluate the rival contentions of the parties on this issue it becomes necessary to review the sequence of events leading up to the filing of the motion for continuance.

Plaintiff's suit was one for damages for personal injuries alleged by him to have been received on November 8, 1947. His suit was filed on November 3, 1949, almost two years later.

The record reflects, largely through an unchallenged pleading sworn to by plaintiff's counsel and controverting the defendant's motion for new trial, that at plaintiff's request the case had been set for trial on November 20, 1950, at which time plaintiff announced ready for trial but the defendant announced that it was not ready; that the parties then joined in a motion requesting that the case be passed and be given a preferential setting for the week of December 11th, which motion was granted; that on Friday, December 8th, the docket of those cases set for the week of the 11th was called for the purpose of determining which cases would be ready for trial, and on such call both parties to this cause announced ready without qualification; that accordingly the case was listed as the 15th case on the docket ready for trial when reached by any of the district courts of

Harris County during the following week; that when the case was reached for trial on Tuesday morning, December 12th, defendant filed its motion to withdraw its announcement of ready and for continuance based on the absence of Greenhaw and two other witnesses, which motion was overruled by the presiding judge on the ground that defendant had failed to use diligence in procuring the attendance of the witnesses. Two of the witnesses later appeared and testified on the trial and any right to a continuance by virtue of their absence went out of the case.

Rule 252, T.R.C.P., formerly Article 2168 of the statutes, reads, as follows:

"If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance was not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source."

1  From the very language of the rule it will be noted that the only difference between a first and a subsequent motion is that the first motion is not required "to show that the absent testimony cannot be procured from any other source." This fact is brought into much sharper focus by a review of the history of Rule 252. See General Laws, 1948, 2nd Leg. ch. 95, sec. 15, 3 Gammel's Laws of Texas, 106, 109; Arts. 1277 and 1278, R.C.S. 1879 and R.C.S. 1895; General Laws, 1897, 25th Leg., ch. 91, 10 Gammel's Laws of Texas 1171; Art. 2168, R.C.S. 1925. It matters not therefore whether the motion in this case be regarded as a first or a second motion; the requirement of the rule that there be a showing of diligence to procure the testimony applies to the one as well as to the other. The rule requires that the party seeking the continuance make affidavit "that he has used due diligence to procure such testimony, stating such diligence," and Rule 251, T.R.C.P., directs that a continuance shall not be granted "except for sufficient cause." Of course the absence of a material witness is "sufficient cause", but only if proper diligence has been used to procure the testimony of the witness.

Defendant's motion was in substantial compliance with the requirements of Rule 252, and contained an allegation that each of the three witnesses was out of the county, but that each was expected back in the county by Friday, December 15th. When Greenhaw failed to appear by noon of Thursday the 14th the court recessed the trial until the morning of the 15th to give defendant additional time to obtain the presence of the witness.

With respect to the witness Greenhaw, the motion set out, in the words of the Rule, that the defendant had used due diligence to procure the testimony of said witness, and by way of stating such diligence as required by the Rule, set out that on December 6th the witness had "orally agreed to appear as a witness in behalf of the defendant" when called, and that counsel relied upon this promise, but, as an added precaution had a subpoena issued for him on December 7th. The motion further alleged that the witness was out of the county and unavailable.

**2** There is nothing in the rules on continuance requiring the granting of a first motion merely because it is in statutory form and is not controverted by affidavit of the opposite party. Surely it will not be gainsaid that a trial court, in determining the existence of diligence, may examine the allegations of diligence contained in the motion in the light of the record before it. Moreover, a trial court will not be required to grant a motion for continuance, at the risk of committing error in overruling it, when the allegations in the motion examined in the light of the record show beyond cavil a complete lack of diligence as measured by other rules regulating precedure in the trial of cases.

In addition to the sworn allegations of the motion for continuance, the trial judge in this case had before him a record showing that the suit grew out of an injury which occurred three years before; that the suit was filed more than a year before; that the case had been set for trial some two weeks before, at which time it had been passed on the joint motion of the parties and had been given a preferential setting with the definite understanding that the parties would get ready for trial; that four days before presenting his motion the defendant had made a definite and unqualified announcement of ready for trial; that no subpoena for the witness had been issued by the clerk and placed in the hands of the sheriff until December 7th and that no effort had been made to take the deposition of the witness. Except for the statement that the witness had orally agreed to appear as a witness when called, the motion did not seek to

excuse the failure of defendant to place the witness under subpoena for the November 20th setting, nor to excuse the failure to place him under subpoena for the December 11th preferential setting promptly upon the making thereof, nor to excuse the failure to take his deposition at some time prior to the November setting or thereafter and prior to the December setting as provided for in Rule 186, T.R.C.P.

3 Rules 176, et seq., authorizing the placing of witnesses residing in the county of suit under subpoena to compel their attendance until discharged by the court or the party summoning them and Rules 186 et seq. authorizing the taking of depositions, if utilized, offer parties to civil suits ready and fairly certain means of procuring the testimony of resident witnesses. More than that, if resorted to with promptitude and pursued with diligence, they offer parties absolute protection against being forced to trial by arbitrary and unreasonable action of a trial court without the benefit of the testimony of material witnesses. If parties choose to forego their rights under these rules and resort to other and less effective and less certain means of procuring the testimony of material witnesses they must be held to do so at their own risk and with foreknowledge that they may be put to trial without the benefit of the testimony. Hensley's Adm'rs. v. Lytle, 5 Tex. 497, 55 Amer. Dec. 741; Campbell v. McCoy, 3 Tex. Civ. App. 298, 23 S.W. 2d 34 (no writ history); Texas Employers' Ins. Ass'n. v. Locke, Tex. Civ. App., 224 S.W. 2d 755 (writ refused, N.R.E.); 9 Tex. Jur. p. 698, sec. 36; p. 699, sec. 37; p. 703, sec. 39; p. 722, sec. 49.

The case of Hensley's Adm'rs. v. Lytel is squarely in point. In that case the motion for continuance, to quote from the opinion, was "founded on an affidavit of the absence of a material witness, who had not been subpoenaed, but who, the affidavit stated, lived so near the court-house that he could be called in at any time, and who was known by the affiant to be willing and determined, if particable, to attend the trial, but who had left the state since the last term of the court with the intention and expectation of returning in time to be in attendance at the trial, but had been unavoidably detained abroad." The motion was overruled by the trial court. In an opinion by Justice Wheeler, this court said: "It (the affidavit) admits the witness had not been subpoenaed, but seeks to excuse the nonobservance of this ordinary diligence by setting forth the circumstances which had induced the belief on the part of the affiant that the witness would be present at the trial. The facts

stated, however, in our opinion do not constitute that diligence which the law requires. It has provided parties with the process of the court by subpoena, and in case of its non-observance, attachment to enforce the attendance of witnesses; and where a party has omitted to employ the means provided by the law when practicable, the omission will in general be fatal to his application. If he elects to employ other means than those provided by law, it will be at his peril. Accordingly, it is held that where a party neglects to subpoena a witness and relies on his promise to attend, his non-attendance will not be a cause of continuance." The court recognized certain exceptions to the rule which are not material here.

4 That the defendant in this case asked the issuance and service of a subpoena at the eleventh hour and after the witness had left the county cannot be in ease of his wants of diligence nor alter his position for the better. Parker v. Leman, 10 Texas 116; James Hall v. Jonathan York, Adm'r., 16 Texas 18; Texas & N. O. R. Co., v. Pipkin, Tex. Civ. App., 209 S.W. 757 (no writ history); City of East Dallas v Barksdale, 83 Texas 117, 18 S.W. 329. Testimony taken on the motion for new trial showed that the written statement of the witness had been taken a year before the filing of the suit and two years before the subpoena was issued. The materiality of the testimony of the witness had long been known to the defendant. The trial court did not abuse its discretion in overruling defendant's motion for continuance.

5 The judgment of the Court of Civil Appeals is reversed. From defendant's brief in the Court of Civil Appeals it appears that it had before that court thirty two points of error, thirty one of which the court, in its opinion, states it had not considered. Among the thirty one points are at least fifteen of which this court has no jurisdiction since they assert that the answers of the jury to certain issues are so contrary to the greater weight and preponderance of the testimony as to be clearly wrong. Accordingly, we remand the cause to the Court of Civil Appeals for further consideration consistent with this opinion. Wood v. Kane Boiler Works, 150 Texas 199, 238 S.W. 2d 172; Ritchie v. American Surety Co., 145 Texas 422, 198 S.W. 2d 85.

Opinion delivered February 27, 1952.

Motion for rehearing overruled April 2, 1952.