INSURANCE COMPANY OF ST. LOUIS, Appellant,

v.

Bryan C. MILLER, Appellee.

No. 16084.

Court of Civil Appeals of Texas.

Dallas.

Nov. 23, 1962.

Rehearing Denied Dec. 14, 1962.

McCulloch, Ray, Rembert, Luna & Trotti, and Ross H. Hemphill, Dallas, for appellant.

Thompson, Knight, Wright & Simmons, and Dan Rogers, Dallas, for appellee.

DIXON, Chief Justice.

This appeal presents only one question: did the trial court commit reversible error in overruling appellant's first motion for continuance?

On August 18, 1961 appellee Bryan C. Miller filed suit on an insurance policy to recover for loss sustained when hail damaged the roof and fence of his home. Miller's home is in Dallas, but his working hours are spent in the nearby City of McKinney, Collin County, Texas. Appellant had written the policy through its agent in McKinney, so the action was brought in Collin County.

On September 29th appellee filed his amended petition. On September 30, at a pre-trial conference the court called for announcements. Both appellant and appellee announced ready. On October 9th at the call of the court's trial docket appellee announced ready, but appellant announced that it would file a motion for continuance. This cause was seventh on the docket. The cause was reached for trial. Appellant's motion was overruled. After a jury trial judgment was rendered for appellee for $1,638.04.

Appellant's sworn motion for continuance is in proper form as prescribed by Rule 252, Texas Rules of Civil Procedure.

Appellant alleged in substance that it could not safely go to trial because of the absence of two material witnesses, Ben Blount, Sr., and Charles W. Parish. Depositions had not been taken "because defendant thought that both witnesses would be available when the trial was had". Their having to be absent could not be foreseen, according to affiant, because of the unexpected Hurricane Carla disaster. Blount was in the Gulf area in connection with the processing of about 4,000 claims. Parish was also in the Galveston-Houston area in charge of an overall survey of damage done by the hurricane. Both witnesses had earlier made extensive investigation of the alleged damage done to appellee's roof and fence, and appellant expected to prove by them that the damages claimed by appellee are not so great as that alleged. The testimony they would give could not be obtained from any other source. Appellant expected to procure the attendance and testimony of said witnesses at the next term of court.

During the trial of the case Blount put in his appearance and testified, so we are concerned only with the absence of Parish.

The record contains a bill of exceptions prepared by appellant to which was attached a written report from Parish detailing the results of his investigation of appellee's claim. Parish stated that the shingles on the south side of appellee's roof were No. 2 shingles instead of No. 1

shingles, and that many of them, being of inferior quality, had curled and split. According to the report only a small amount of damage was done by the hail. Parish would have so testified had he been present.

At the trial Miller testified that he had obtained several estimates of the cost of restoring his roof and fence to former condition which estimates varied in amounts from about $700 to about $1900. Being dissatisfied with these estimates he requested appellant's McKinney agent, A. M. Scott, Jr., who had written the policy, to choose a competent man to investigate and make an estimate. Scott sent Cecil M. Hight, a carpenter and general contractor, to investigate appellee's loss.

A. M. Scott, Jr., corroborated appellee's testimony.

Hight, the man sent by Scott, did not know Miller and had never met him. He testified that he spent about an hour on appellee's roof inspecting and measuring. He testified that all the shingles were No. 1 grade. He saw only a few that were curling or split. He saw extensive hail damage. His estimate for the roof and fence was $1,688.04.

Appellant produced three witnesses, Bill Hosea, J. E. Cotten and Ben Blount, Jr. Hosea is manager of the general agency office in the Dallas area representing appellant. He testified that he had on many occasions investigated hail damage claims. He personally examined appellee's roof. His testimony was substantially the same as the statements in the report of Parish.

J. E. Cotten was sent by Blount to examine appellee's roof and submit an estimate. He is a roofing contractor with years of experience. He spent about an hour examining appellee's roof and fence. His testimony was about the same as Parish's report. It was his opinion that the roof could be repaired and that the cost would be $267.

Blount's testimony was also along the same line as Parish's report.

It will be noticed that every witness except appellee Miller himself was either connected in some way with appellant or was selected by appellant or its agents to investigate the damage and prepare an estimate. Hight, who made an estimate of $1,688.04 was selected by Scott, appellant's McKinney agent. Hosea was the manager of the general agent representing appellant. Cotten, who made an estimate of $267, was selected by Blount, an experienced adjuster in appellant's employ.

Rule 252 T.R.C.P. provides that a party seeking a continuance must make affidavit that "he has used *due diligence* to procure such testimony, *stating such diligence,* and the cause of failure, if known;" (emphasis ours). In the case now before us affiant in behalf of appellant says he "thought that both witnesses would be available;" but affiant does not state what basis he had for so thinking. The record does not show that Parish ever promised to be present for the trial. No subpoena was issued for him. There is no showing that he was notified of the date set for the trial. Affiant does not explain why he could not foresee the absence of a witness who had been away from the Dallas-McKinney area "ever since early September".

Appellant in support of its appeal cites us to the cases of Robertson v. Robertson, Tex.Civ.App., 291 S.W.2d 452, and Dallas Railway & Terminal Co. v. Durkee, Tex. Civ.App., 193 S.W.2d 222. The facts in those cases were quite different from the facts in this case. The two cited cases are not in point.

In point is Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856, a case in which there was a showing of more diligence than appellant has shown here. Nevertheless our Supreme Court held that there was not due diligence as contemplated by Rule 252 T.R.C.P.

Appellant's point on appeal is overruled.

The judgment of the trial court is affirmed.