In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-002 CV


 ______________________


 

IN RE COMMITMENT OF TODD MITCHELL






On Appeal from the 221st District Court 


Montgomery County, Texas


Trial Cause No. 06-06-05283 CV






MEMORANDUM OPINION


 The State filed a petition seeking the involuntary civil commitment of Todd Mitchell. 
See Tex. Health & Safety Code Ann. §§ 841.001-.150 (Vernon 2003 & Supp. 2007). 
Mitchell had been convicted of five offenses of sexual assault of a child and one offense of
indecency with a child, and was scheduled for release from prison. In this proceeding, a jury
determined that Mitchell is a sexually violent predator. See Tex. Health & Safety Code
Ann. § 841.003 (Vernon 2003). The trial court signed a civil commitment order. Mitchell
appeals the order and presents four issues for review. 

 In issue one, Mitchell argues the trial court abused its discretion in denying his
continuance motion. He filed the motion on the day trial commenced. One of the grounds
was unavailability of witnesses. A week before trial, Mitchell filed applications for bench
warrants to secure the attendance of two inmate witnesses at trial. The trial court granted the
requests for bench warrants. The officer's hand-written statement on each warrant indicated
the officer was "unable to pick up" the witnesses. In his continuance motion, Mitchell
argued that the two men were material witnesses "to the issue of whether Todd Mitchell is
a sexually violent predator and is likely to reoffend." The motion asserted Mitchell's
attorney used due diligence to procure the testimony of the witnesses through his application
for bench warrants.

 At the hearing on the continuance motion, the State's attorney argued as follows:

 Your Honor, opposing counsel has known about these witnesses from the start.
They're actually Mr. Mitchell's victims. If they were so crucial to this case,
then opposing counsel should have made arrangements for them to be here at
an earlier time. Opposing counsel didn't file a bench warrant until last week,
which is a week before trial and just a couple days before the Thanksgiving
holiday. The holidays were not a surprise to anybody. Opposing counsel
knew that this trial was set the week after Thanksgiving.


Mitchell's attorney explained the timing was in keeping with the typical practice in the
county of filing bench warrants seven days prior to trial. He also described his efforts to
locate the witnesses and explained why he did not depose them: 

 [W]e hired investigators to try to locate these individuals. . . . When we were
finally able to locate and interview [them] to find out if they would testify, it
was after the October 13th discovery deadline. I could have tried to notice
them for deposition, but I have a strong feeling that the State would have
objected that it was outside of the discovery deadline, and the only way to
secure their testimony would be to bench warrant them here . . . . 

 After hearing counsel's arguments, the trial court noted Mitchell's attorney was in a
firm with four other attorneys, one of whom had worked for the State Counsel for Offenders
as one of the first lawyers involved in trying sexually violent predator cases. In denying the
motion, the trial judge stated that defense counsel could have "sought an expedited
deposition of these . . . convict witnesses," and that "[a]ll [defense counsel] had to do was
ask the Court to grant additional time to dispose of those witnesses under the special
circumstances." 

 Rules 251 and 252 of the Rules of Civil Procedure govern motions for continuance. 
See Tex. R. Civ. P. 251, 252. Rule 251 provides the trial court shall not grant a continuance
"except for sufficient cause supported by affidavit, or by consent of the parties, or by
operation of law." Tex. R. Civ. P. 251. Rule 252 provides:

 If the ground of such application be the want of testimony, the party applying
therefor shall make affidavit that such testimony is material, showing the
materiality thereof, and that he has used due diligence to procure such
testimony, stating such diligence, and the cause of failure, if known; that such
testimony cannot be procured from any other source; and, if it be for the
absence of a witness, he shall state the name and residence of the witness, and
what he expects to prove by him; and also state that the continuance is not
sought for delay only, but that justice may be done; provided that, on a first
application for a continuance, it shall not be necessary to show that the absent
testimony cannot be procured from any other source. 

An appellate court will not reverse a judgment based on a denial of a motion for continuance
absent a clear abuse of discretion. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789,
800 (Tex. 2002) (citing Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986)). "A trial court
'abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law.'" Id. (quoting Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)).

 The record reveals that retained counsel, who appeared as Mitchell's attorney at an
August hearing, was appointed by written order in late September. Mitchell did not request
bench warrants on the two witnesses until November 20, 2006. The absence of a material
witness is sufficient cause only if due diligence is used to procure the witness's testimony. 
Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856, 858 (1952). Counsel had
time to investigate prior to one week before trial and could have requested a continuance
prior to the start of trial. See Hatteberg v. Hatteberg, 933 S.W.2d 522, 526-27 (Tex. App.--Houston [1st Dist.] 1994, no writ) (Attempted service only nine days before trial does not
indicate due diligence.). Mitchell failed to show why the absent witnesses' testimony could
not have been taken by deposition by his prior attorney, or why his new counsel gave no
notice for a deposition. See Daugherty v. Jacobs, 187 S.W.3d 607, 619 (Tex. App.--Houston
[14th Dist.] 2006, no pet.). The scheduling order set the discovery deadline for October 13,
2006. The trial court did not abuse its discretion in denying Mitchell's motion for
continuance. (1) 

 In issue two, Mitchell argues the trial court abused its discretion in striking his expert-
witness designation. See Cunningham v. Columbia/St. David's Healthcare Sys., L.P., 185
S.W.3d 7, 13 (Tex. App.--Austin 2005, no pet.) (Rule 193.6 and abuse of discretion
standard). Under Rule 193.6 of the Texas Rules of Civil Procedure, the evidence from a late-designated witness will be excluded unless the court finds "(1) there was good cause for the
failure to timely make, amend, or supplement the discovery response; or (2) the failure to
timely make, amend, or supplement the discovery response will not unfairly surprise or
unfairly prejudice the other parties." Tex. R. Civ. P. 193.6(a)(1),(2). Mitchell had the burden
of establishing good cause or the lack of unfair surprise or unfair prejudice. See Tex. R. Civ.
P. 193.6(b). The trial court found neither.

 The July 21, 2006, deadline for the expert-witness designation passed during the
period that the State Counsel for Offenders represented Mitchell. At the August 16, 2006,
hearing the trial court allowed retained counsel to enter an appearance as Mitchell's attorney
and signed an order recognizing the substitution of counsel on September 25, 2006. Even
before the trial court signed the order, Mitchell's retained counsel acted as counsel by filing
a motion to dismiss the State's petition, which the trial court denied. On September 25,
2006, more than two months after the due date, counsel filed the expert-witness designation. 
 On appeal, Mitchell argues he had "no choice in or control over" his first attorney, (2)
and appointed counsel's failure to designate an expert witness should not prejudice him. He
asserts his retained counsel made a designation as soon as practicable after the trial court
allowed the substitution of counsel. Mitchell also argues the State was not unfairly surprised
or prejudiced by the late designation of an expert, because retained counsel designated the
witness two months before trial.

 The State filed a motion to strike the expert-witness designation. Mitchell's attorney
did not file a response or a motion requesting an extension of time. At the hearing on the
State's motion, Mitchell's attorney referenced the scheduling order and argued the trial court
had discretion to "change that scheduling order in fairness to both parties." The trial court
ruled as follows:

 But I'm faced simply with the issue this morning of whether or not the
designation in October of Dr. Milam is effective under the scheduling order
and under the Rules of Civil Procedure. And it's a very simple process for me
to understand that the designation on September the 25th occurred after the
docket control order cutoff on July 21st . . . .

 So . . . there are a lot of things . . . that you could have done before
proceeding in the matter. And I'm sure many of them occur to you just as they
occur to me. But none of those are relevant this morning. All that's relevant
is whether or not your designation of September the 25th of Dr. Milam was
effective within the light of the scheduling order. And the Court finds that it
was not effective because it was well after the deadline for the respondent to
designate an expert.

Later, at the November 27, 2006, hearing on the motion for continuance, the trial court
explained that Mitchell could have filed a response to the State's motion to strike his expert-witness designation, or a motion, but he failed to do so: 

 I very carefully crafted the Court's order simply to say it was not an effective
designation. I hoped that would be a clue that all you had to do was file a
motion to late designate, give them the 10 days' notice, such that the Court
then could go forward and have a hearing, let you make your showing on
evidence that you should have more time; and I would have granted you more
time. 

 But you never asked for this, and . . . I couldn't do it sua sponte.

We do not know the circumstances surrounding the State Counsel for Offenders' failure to
designate an expert witness. The trial court had previously granted Mitchell's request to
appoint consulting experts and authorized payment for the services upon the court's approval. 
When the expert-witness designation was filed late, the court followed the scheduling order
and implicitly found that the change of attorneys, without more, was insufficient to permit
the late designation. Mitchell was never without representation by an attorney. His attorney
did not file any written motion that explained why the expert-witness designation was late
and that requested permission to extend the scheduling-order deadline. The trial court judge
indicated his refusal to allow the late designation was based on the lack of a motion, with
notice or hearing, that established Mitchell's entitlement to more time. In a matter within the
discretion of the trial court, the fact that an appellate court would decide a matter differently
under circumstances like those presented does not by itself establish an abuse of discretion. 
See generally Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). Issue two
is overruled. 

 In issue three, Mitchell argues the trial court erred in denying his objection to the jury
charge. He asserts the instruction to the jury did not include lack-of-control and future
dangerousness findings, and thereby violated his due process rights. This Court has
previously ruled that the broad-form question, such as the one submitted to the jury in this
case, encompasses a lack-of-control finding. See In re Almaguer, 117 S.W.3d 500, 505-06
(Tex. App.--Beaumont 2003, pet. denied); see also In re Commitment of Browning, 113
S.W.3d 851, 862-63 (Tex. App.--Austin 2003, pet. denied). 

 The jury charge defines "behavioral abnormality" and "predatory act" and follows
those definitions with the broad-form jury question:

 "Behavioral Abnormality," means a congenital or acquired condition that, by
affecting a person's emotional, or volitional capacity, predisposes the person
to commit a sexually violent offense, to the extent that the person becomes a
menace to the health and safety of another person.

 "Predatory Act," means an act that is committed for the purpose of
victimization and that is directed toward:

 (A) a stranger;

 (B) a person of casual acquaintance with whom no substantial relationship
exists; or 

 (C) a person with whom a relationship has been established or promoted for 
the purpose of victimization. 


Question One



 Do you find that Todd Mitchell suffers from a behavioral abnormality that
makes him likely to engage in a predatory act of sexual violence?


In asking the jury if Mitchell has a behavioral abnormality that makes him likely to engage
in predatory acts of future violence, the jury question, along with the definitions,
encompasses a finding of future dangerousness. "A trial court does not err in refusing to
submit an instruction on the law which is already encompassed in the instructions and
question." Almaguer, 117 S.W.3d at 506. We overrule issue three. 

 In issue four, Mitchell argues the 221st District Court in Montgomery County did not
have jurisdiction to hear the case. (3) Section 841.041(a) provides that the State's attorney
"may file, in a Montgomery County district court other than a family district court, a petition
alleging that the person is a sexually violent predator . . . ." Tex. Health & Safety Code
Ann. § 841.041(a) (Vernon Supp. 2007). Mitchell asserts the 221st District Court hears
cases involving family law matters and therefore does not have jurisdiction over a sexually
violent predatory case.

 The Legislature has designated certain courts as family district courts to have "primary
responsibility for cases involving family law matters." See Tex. Gov't Code Ann. § 24.601
(Vernon 2004). Other district courts have concurrent jurisdiction to hear cases involving
family law matters. See id.; see also Tex. Const. Art. V, § 8 (jurisdiction of district courts). 
The Legislature has not designated the 221st District Court in Montgomery County as a
family district court. See Tex. Gov't Code Ann. §§ 24.601-24.640 (Vernon 2004 & Supp.
2007). Filing the petition there does not fall within the prohibition in section 841.041(a)
against filing a sexually violent predator case in a "family district court." 

 Mitchell cites section 24.579, the statute creating the 435th Judicial District in
Montgomery County. See Tex. Gov't Code Ann. § 24.579 (Vernon Supp. 2007). The
statute provides in part, as follows:

 (1) The 435th Judicial District is composed of Montgomery County.

 . . . .

 (b) The 435th District Court shall give preference to:

 (1) civil commitment proceedings under Chapter 841, 
Health and Safety Code;

 (2) criminal cases involving offenses under Section 841.085,
Health and Safety Code, and Article 62.203, Code of
Criminal Procedure; and

 (3) other matters that may be assigned by the administrative 

 judge. 


Section 24.579 does not give the 435th District Court exclusive jurisdiction over sexually
violent predator cases; it provides that the Court shall give preference to Chapter 841
proceedings. Further, the Legislature created the 435th District Court after the trial court
adjudicated Mitchell as a sexually violent predator. The 221st District Court had jurisdiction
over this case. Issue four is overruled.

 The trial court's judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on December 13, 2007

Opinion Delivered March 20, 2008 


Before Gaultney, Kreger, and Horton, JJ.
1. Furthermore, on this record we are not persuaded the testimony in the sexually violent
predator context would be relevant, admissible, or subject to a subpoena. 
2. Shortly after the State filed its petition, Mitchell requested appointment of counsel on
grounds of indigency. The trial court granted his request, and State Counsel for Offenders provided
representation until retained counsel appeared.
3. Mitchell also asserts venue was improper in the 221st District Court. However, he
did not file a motion to transfer venue in the trial court and cannot raise that issue now. See
Tex. R. Civ. P. 86(1) ("An objection to improper venue is waived if not made by written
motion filed prior to or concurrently with any other pleading or motion except a special
appearance motion provided for in Rule 120a.").