

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00120-CV

Rebecca **DESROCHERS**,
Appellant

v.

John W. **THOMAS**, M.D., and South Texas Radiology Group,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-21278
Honorable Martha Tanner, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  March 27, 2013

AFFIRMED

This is an appeal from a take-nothing summary judgment rendered in favor of appellees. On appeal appellant, Rebecca Desrochers, asserts (1) the trial court abused its discretion when it denied her motion for enlargement of time to conduct discovery, and (2) the trial court erred when it granted appellees' no-evidence summary judgment motion.

**BACKGROUND**

Desrochers sued Dr. John W. Thomas and South Texas Radiology Group on December 29, 2008, alleging medical negligence for departures from accepted standards of medical care.[1] On November 17, 2010, the trial court set the case for trial on November 14, 2011, with a discovery deadline of October 14, 2011.[2]

Appellees filed their no-evidence summary judgment motion on August 15, 2011. On August 31, 2011, Desrochers's trial counsel was allowed to withdraw and a stay on proceedings was imposed. On September 23, 2011, after expiration of the stay, a hearing was set for appellees' no-evidence summary judgment motion for October 17, 2011. Appellees filed a motion to strike plaintiff's expert witness on September 26, 2011, and Desrochers filed her response to the motion to strike, which also included a request for enlargement of time of the discovery deadlines.[3] A hearing was held on October 5, 2011. In an order entered October 7, 2011, the appellees' motion to strike plaintiff's expert witness was granted in part.

Desrochers responded to appellees' no-evidence motion for summary judgment on October 14, 2011, and appellees filed objections to Desrochers's summary judgment evidence. At the summary judgment hearing on October 17, 2011, the trial court sustained appellees'

---

[1] Desrochers asserted claims against South Texas Radiology Group for being vicariously liable for Dr. Thomas's alleged medical negligence.

[2] There were numerous discover disputes, with Desrochers and her counsel being sanctioned multiple times for failure to comply with discovery orders.

[3] On September 30, 2011, in addition to the request for enlargement of time of the discovery deadline in Desrochers's response to the motion to strike, she also filed a separate motion entitled "Plaintiff's Motion for Enlargement of Time of the Discovery Deadlines and Motion to Change Trial Dates and Objection to Trial Date as Set." The record does not contain a ruling on this motion and appellees argue on appeal that her complaint about the denial of her motion for enlargement of time is not preserved for our review. However, the order granting in part appellees' motion to strike expert witness specifically states the trial court reviewed Desrochers's response and denies all other relief requested by the parties. We conclude this ruling is a denial of Desrochers's request for enlargement of time contained within her response to appellees' motion to strike expert witness. Therefore, Desrochers's complaint is preserved. *See* TEX. R. APP. P. 33.1 (requiring record to demonstrate complaint was made to trial court by timely motion, stating grounds of complaint with sufficient specificity, and trial court ruled on the motion, either expressly or implicitly as prerequisite to presenting complaint for appellate review).

objections to the summary judgment evidence presented by Desrochers and granted their summary judgment motion. This appeal followed.

## ENLARGEMENT OF TIME

In her first issue, Desrochers asserts the trial court abused its discretion when it denied her motion for enlargement of time to conduct discovery.

Trial was set to commence November 14, 2011, with a discovery deadline of October 14, 2011. Desrochers's first counsel was allowed to withdraw from the case on August 31, 2011. Desrochers's second counsel filed an appearance on September 26, 2011. Desrochers argues an enlargement of discovery deadlines was required because her second counsel had only eighteen days before the discovery deadline when he made his appearance.

We review a trial court's decision to deny a motion to modify a discovery-control plan for an abuse of discretion. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (applying abuse of discretion standard to denial of motion for continuance requesting extension to complete discovery); *Brown v. Brown*, 145 S.W.3d 745, 749–50 (Tex. App.—Dallas 2004, pet. denied) (applying abuse of discretion standard to denial of motion for enlargement of time and modification of discovery procedures). A trial court "abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *BMC*, 83 S.W.3d at 800. We consider the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a request for additional time to conduct discovery: (1) the length of time the case has been on file, (2) the materiality and purpose of the discovery sought, and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). We apply the factors from *Joe* to the instant case:

(1) Nearly three years had passed between the date Desrochers filed suit and her request for enlargement of the discovery period.

(2) In her motion, Desrochers asserted the discovery period should be extended in order to take the deposition of the defendant and defendant's experts.

(3) Her motion states: "[Her] counsel indicated to [defense counsel] that 'we need to depose' his client and his expert but was denied both unless and until we paid for his legal fees for the deposition of our expert."

*See id.* While the second factor, materiality, weighs in her favor, the first and third weigh strongly against her. The case had been on file for almost three years and Desrochers's motion does not explain how due diligence was used to obtain the discovery sought. In an order dated October 7, 2011, the trial court ordered Desrochers to present her expert for deposition in Bexar County at a specified time and to pay all fees associated with the deposition. Desrochers did not comply with the order and then, in her motion, characterized the appellees' attempt to enforce the order as their "refusal" to provide her with the discovery she sought an enlargement of time to conduct. Also factoring into due diligence, the deposition she sought extra time to conduct was not of some person whose identity was not known until recently—appellees were a party to the lawsuit since Desrochers filed it nearly three years prior.[4]

After an analysis of the *Joe* factors, coupled with the fact that Desrochers was sanctioned multiple times for failure to comply with discovery orders, we conclude the trial court did not abuse its discretion when it denied her motion for enlargement of time to conduct discovery.

---

[4] Desrochers repeatedly makes the assertion that her attorney was left with only eighteen days to conduct discovery. However, we note that the third *Joe* factor places the burden on the party rather than the attorney to show whether due diligence was exercised to obtain the discovery sought. *See Joe*, 145 S.W.3d at 161 (". . . whether the *party* seeking the continuance has exercised due diligence to obtain the discovery sought.") (emphasis added); *see also State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex. 1988) ("[T]he failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance." (citing *Fritsch v. J.M. English Truck Line, Inc.*, 151 Tex. 168, 246 S.W.2d 856, 858–59 (1952))).

**SUMMARY JUDGMENT**

In her second issue on appeal, Desrochers asserts the trial court erred when it granted appellees' no-evidence summary judgment motion and entered judgment against her. Appellees respond the trial court properly granted their no-evidence summary judgment motion because Desrochers presented no evidence to raise a genuine issue of material fact regarding the elements of her health care liability claim.

Appellees filed their no-evidence summary judgment motion on August 15, 2011, and a hearing was set for October 17, 2011. Desrochers filed her response October 14, 2011. Attached to Desrochers's response was her 120-day expert report[5], an internet article on Thoracic Outlet Syndrome from the National Library of Medicine, and an excerpt from Desrochers's medical records. Appellees objected to Desrochers's evidence asserting the attached evidence was inadmissible because (1) the evidence was not admissible under Texas Rule of Civil Procedure 166(a); (2) Dr. Howe's expert report was not admissible because he had been stricken from testifying in the case by operation of the trial court's October 7, 2011 order;[6] and (3) the response was untimely because it was filed less than seven days before the hearing.

We review de novo the trial court's decision to grant summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party may move for summary

---

[5] This was the report served on appellees in compliance with section 74.351 of the Texas Civil Practice and Remedies Code, which requires a health care liability claimant to provide the defendant with an expert report within 120 days after filing the petition. TEX. CIV. PRAC. & REM. CODE § 74.351(a) (West 2008).

[6] After appellees attempted to depose Desrochers's expert witness, Dr. Steven C. Howe, without success, they filed a motion to strike Dr. Howe and requested sanctions on May 23, 2011. The trial court granted the motion to strike in part and ordered the deposition take place in Bexar County on an agreed upon date. Desrochers's new counsel appeared on September 26, 2011, but he did not present Dr. Howe for deposition in Bexar County on September 28, despite an order from the trial court. Thereafter, appellees filed another motion to strike Dr. Howe. The trial court heard appellees' motion and granted it in part, again ordering the deposition of Dr. Howe be taken in accordance with the previous order no later than the discovery deadline (October 14), failing which Dr. Howe would be stricken from testifying in the case. Dr. Howe was never presented for deposition, thus, appellees argued in their objections to Desrochers's summary judgment evidence that Dr. Howe's report was inadmissible because he had been stricken from the case when he was never deposed in accordance with the trial court's order.

judgment on the ground that there is no evidence of one or more essential elements of a claim on which an adverse party has the burden of proof. TEX. R. CIV. P. 166a(i). The court must grant the motion unless the non-movant produces summary judgment evidence raising a genuine issue of material fact on the elements the movant has raised. *Id*. Except with leave of court, a party may not file a response to a motion for summary judgment with supporting evidence later than seven days prior to the day of the hearing. *Carpenter v. Cimarron Hydrocarbons Corp*., 98 S.W.3d 682, 686 (Tex. 2002); TEX. R. CIV. P. 166a(c). If a non-movant files a late response to a motion for summary judgment, it must get the trial court's permission in writing or the response will not be before the court. *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985). "It is well-established . . . that unless there is a basis in the record to conclude that untimely material was filed with leave of court, we presume that the trial court did not consider it." *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 612 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

Here, the hearing on appellees' motion for summary judgment was set for October 17, 2011. Therefore, unless she received leave of court, Desrochers was required to file her response not later than seven days prior to the hearing. The record demonstrates Desrochers filed her response to appellees' no-evidence motion for summary judgment on October 14—only three days before the hearing. The record reveals no motion requesting leave to file a late response and no order granting leave of court to file a late response; therefore, Desrochers's summary judgment evidence was not presented to the trial court. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) (concluding summary judgment evidence was not properly before the trial court when it was filed two days before the hearing and the record contained no order granting leave to file the late evidence). Accordingly, the trial court did not err in granting appellees' motion for no-evidence summary judgment because the trial court "must grant the

motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *See* TEX. R. CIV. P. 166a(i).

## CONCLUSION

We conclude the trial court did not abuse its discretion in denying Desrochers's motion for enlargement of time to conduct discovery. We also conclude the trial court did not err by granting appellees' no-evidence summary judgment motion when leave of court was not granted to file the late response and, therefore, Desrochers produced no evidence to raise a genuine issue of material fact sufficient to defeat appellees' entitlement to a no-evidence summary judgment. The trial court's judgment is affirmed.

Sandee Bryan Marion, Justice