Clarence FORMAN

v.

**FINA OIL AND CHEMICAL COMPANY.**

No. 11–92–066–CV.

Court of Appeals of Texas, Eastland.

Jan. 7, 1993.

Rehearing Denied Feb. 4, 1993.

Ruff Ahders, Law Office of Ruff Ahders, Assoc., Odessa, Larry Zinn, San Antonio, for appellant.

Kelly D. Franklin, John C. Bush, Bernie E. Hauder, Bush & Hauder, Dallas, for appellee.

## OPINION

McCLOUD, Chief Justice.

Clarence Forman sued Fina Oil and Chemical Company alleging that, while working for a third-party salvage company at Fina's refinery, he received an electrical shock while he was working on a breaker box and that the shock was a result of Fina's negligence. The jury found that plaintiff did not receive an electrical shock while working at the refinery. Plaintiff appeals a take-nothing judgment. We affirm.

Plaintiff contends in his first point of error that the trial court erred in denying his first motion for continuance so that plaintiff could take the deposition of Dr. Charles R. Baxter.

Plaintiff filed this suit on April 24, 1990. On December 16, 1991, the trial court notified both parties that the case was set for trial for February 3, 1992. The court advised the parties to appear for docket call on January 13, 1992. On January 3, 1992, Fina supplemented its answers to interrogatories by designating Dr. Baxter as an additional expert. On January 6, 1992, Fina filed a motion for continuance to postpone the February 3, 1992, trial setting. In its motion, Fina urged that additional discovery was needed and that Fina's counsel had a prior conflicting setting in another court. Plaintiff opposed Fina's motion for continuance. On January 13, 1992, the trial court overruled Fina's motion for continuance, and plaintiff announced ready for trial.

By agreement of the parties, Dr. Baxter examined plaintiff on January 14, 1992. Counsel for both parties agreed that a report of Dr. Baxter's findings would be delivered to plaintiff on January 23, 1992. Fina, however, "undesignated" Dr. Baxter as an expert in a letter sent to plaintiff's counsel on January 21, 1992. Plaintiff obtained a report directly from Dr. Baxter on January 24, 1992.

Some of the information contained in Dr. Baxter's report was beneficial to plaintiff. Plaintiff filed a motion for continuance on January 28, 1992, in order to depose Dr. Baxter. The trial court overruled this motion on February 3, 1992, and the parties went to trial.

The granting or denial of a motion for continuance is within the trial court's sound discretion. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1963). The exercise of such discretion will not be disturbed on appeal unless the record discloses a clear abuse of discretion. *State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex.1988); *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *State v.*

*Crank,* 666 S.W.2d 91, 94 (Tex.1984). A trial court may be reversed for abusing its discretion only when the court of appeals finds the court acted in an unreasonable or arbitrary manner. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. den'd,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.,* supra.

Plaintiff's motion for continuance was made on the ground of want of testimony. TEX.R.CIV.P. 252 states the requirements for requesting a continuance on the ground of want of testimony. Plaintiff's motion for continuance was in substantial compliance with Rule 252. However, mere compliance with Rule 252 does not guarantee that a continuance will be granted. The court in *Fritsch v. J.M. English Truck Line,* 151 Tex. 168, 246 S.W.2d 856, 858 (1952), stated: "There is nothing in the rules on continuance requiring the granting of a first motion [for continuance] merely because it is in statutory form."

TEX.R.CIV.P. 251 mandates that a continuance shall not be granted except for sufficient cause. The trial court has the duty of deciding whether or not sufficient cause exists when a motion for continuance is filed. The trial court denied plaintiff's motion for continuance on the grounds that the case was filed almost two years prior to the filing of the motion and that plaintiff's counsel announced "ready" in response to Fina's prior motion for continuance.

The absence of a material witness is "sufficient cause" but only if proper diligence has been used to procure the testimony of the witness. *Fritsch v. J.M. English Truck Line,* supra 246 S.W.2d at 858. Plaintiff knew that he would need sufficient evidence to prove his cause of action when the case was filed. Plaintiff had almost two years to find experts to testify that he had received an electrical shock. The length of time that this case had been pending supports the argument that plaintiff did not use proper diligence in securing sufficient expert testimony to prove his case.[1]

Plaintiff's announcement of ready in response to Fina's motion for continuance is also significant in reviewing the trial court's ruling. Generally, an announcement of ready waives the right to subsequently seek a delay based upon any facts which were known or with proper diligence should have been known at the time. *Reyna v. Reyna,* 738 S.W.2d 772, 775 (Tex.App.—Austin 1987, no writ). This general rule is subject to the exception of an unforeseeable event arising through no fault of the movant. The announcement of ready by plaintiff was made after Fina designated Dr. Baxter as an expert. Plaintiff's announcement was an indication that he was prepared to try the case without the benefit, if any, of Dr. Baxter's testimony. Dr. Baxter's opinion supporting plaintiff's cause of action is not a sufficient unforeseeable event to invoke the exception to the general rule regarding an announcement of ready.

We hold that the trial court did not abuse its discretion by overruling plaintiff's motion for continuance. The trial court noted that plaintiff "strenuously" objected to Fina's motion for continuance and announced "ready ... not having any idea at that moment what Dr. Baxter might or

---

1. Rule 252 sets out the requirements for the contents of a motion for continuance for want of testimony. The rule provides that, on a first application for continuance for want of testimony, it is not necessary to show that the absent testimony cannot be procured from any other source. This portion of the rule does not relieve the movant's burden of showing sufficient cause for the continuance. See Rule 251. A party seeking a continuance in order to obtain expert testimony cannot show due diligence in procuring the expert's testimony if he cannot show that this expert testimony cannot be obtained from another source. See *Stiles v. Royal Insurance Company of America,* 798 S.W.2d 591, 596 (Tex. App.—Dallas 1990, writ den'd).

might not say about the facts of this case." We cannot say that the trial court acted without reference to any guiding rules or principles. Plaintiff's first point of error is overruled.

Plaintiff's remaining points of error concern the trial court's refusal to allow plaintiff to refer to Dr. Baxter at trial. The trial court prohibited plaintiff from using Dr. Baxter's findings in either presenting his evidence or in rebutting Fina's evidence. Fina had requested the identity of the experts which plaintiff planned to use at trial by interrogatory in August 1990. However, plaintiff did not identify Dr. Baxter as a potential expert witness until January 9, 1992, 25 days prior to trial.

TEX.R.CIV.P. 166b(6)(b) places an affirmative duty upon a party to supplement a discovery request for the identity of expert witnesses not less than 30 days prior to trial. The sanction for the failure to timely supplement is exclusion of the expert's testimony unless good cause is shown. TEX.R.CIV.P. 215(5). Determination of good cause is within the sound discretion of the trial court, and that determination can only be set aside if that discretion was abused. *Alvarado v. Farah Manufacturing Company, Inc.*, 830 S.W.2d 911, 914 (Tex.1992); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986).

The fact that Dr. Baxter was first identified by Fina as an expert 31 days before trial is not good cause for plaintiff's failure to timely supplement. The Supreme Court stated that the good cause exception applies to "difficult or impossible circumstances." *Alvarado v. Farah Manufacturing Company, Inc.*, supra at 914. The possibility of an expert finding that plaintiff received an electrical shock was not such an unlikely occurrence as to constitute a difficult or impossible circumstance. Plaintiff had ample time to secure expert testimony to support his theory of the case.

Furthermore, the benefit of using Dr. Baxter's findings to rebut the testimony of Fina's experts does not constitute good cause. Plaintiff knew that Fina planned to challenge the assertion that plaintiff had been shocked. Therefore, plaintiff should have reasonably anticipated the need for expert testimony to rebut the testimony of Fina's experts concerning causation. See *Orkin Exterminating Co., Inc. v. Williamson*, 785 S.W.2d 905, 910–11 (Tex. App.—Austin 1990, writ den'd).

We hold that the trial court did not abuse its discretion in not allowing any reference to Dr. Baxter. Plaintiff's second through sixth points of error are overruled.

The judgment of the trial court is affirmed.