marek v. marek 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-91-559-CV






 LESLIE GILBERT MAREK,



 APPELLANT



vs.






RENEE KATHERINE MAREK,



 APPELLEE




 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 122,564-D, HONORABLE RICK MORRIS, JUDGE PRESIDING



 





 Leslie Gilbert Marek appeals from a judgment rendering a final decree of
divorce which, based upon a jury verdict, appointed appellee, Renee Katherine Marek,
managing conservator of their two children and divided the couple's community property
following trial before the court. In his first three points of error, Leslie claims that the trial
court erred in admitting evidence and excluding expert testimony in the conservatorship
proceeding. In his final point of error, he contends that the trial court abused its discretion in
its division of the parties' property. Finding these points without merit, we will affirm the
trial court's judgment.



BACKGROUND


 The trial court originally rendered an agreed final decree of divorce between
Leslie and Renee Marek appointing them joint managing conservators but giving Renee
primary custody and control. Renee, however, filed a motion for new trial. After granting
this motion, the trial court issued temporary orders, that were later amended nunc pro tunc,
appointing Renee temporary managing conservator and Leslie temporary possessory
conservator. The court also ordered Leslie to pay temporary support.

 A jury trial then ensued on the sole issue of managing conservatorship. At the
trial, the court admitted into evidence the decree of divorce that had been set aside, the
original temporary orders, and the temporary orders as amended nunc pro tunc. The court
also excluded the testimony of Leslie's expert, Dr. H. R. Adams, and his drug analysis report. 
In its verdict, the jury answered that Renee should be appointed the children's managing
conservator.

 After the conclusion of the jury trial, the court heard evidence on the property
division between the parties. The primary asset of the community was a 260-acre tract of land
unencumbered by debt. Leslie also owned two tracts of land as his separate property, but the
majority of the purchase price of these tracts had been paid by the community during the
marriage. The trial court rendered a decree appointing Renee managing conservator, dividing
the property and ordering Leslie to pay Renee's attorney's fees.



CONSERVATORSHIP PROCEEDING In his first two points of error, Leslie contends that the trial court erred by
admitting into evidence: (1) Renee's Exhibit 22, the decree of divorce that was later set aside by
the trial court's order granting a new trial; (2) Renee's Exhibit 24, the temporary orders; and (3)
Renee's Exhibit 23, the nunc pro tunc temporary orders.

 Leslie contends that the decree was a nullity, and therefore was improperly
admitted into evidence, since it had been set aside by the court's order granting a new trial. 
Leslie relies on the proposition that a case stands on the docket for trial as if no judgment had
been rendered when the court orders a new trial, citing Fulton v. Finch, 346 S.W.2d 823, 827
(Tex. 1961) and Garza v. Gonzales, 737 S.W.2d 588 (Tex. App.--San Antonio 1987, no writ).

 While the statement of law is correct, these authorities do not support Leslie's
complaints. They do not hold that it is fundamental error (1) to admit the vacated document into
evidence in a later trial. These cases merely hold that once the time for ruling on a motion for
new trial has expired, the trial court cannot set aside an order granting a new trial and reinstate
the original judgment, and an order attempting to do so is void. Fulton, 346 S.W.2d at 827;
Garza, 737 S.W.2d at 588. While the "reinstated" judgment has no legal effect, this fact sheds
no light on its admissibility into evidence in a later trial or any resulting harm.

 Leslie further argues the decree of divorce, as well as the original and amended
temporary orders, impermissibly commented on the weight of the evidence. He claims that the
admission of these exhibits would suggest to the jury that the trial court had previously considered
the custody issue and decided in Renee's favor.

 Leslie, however, did not make this objection at trial when any of the three exhibits
were admitted. Instead, Leslie objected that (1) the evidence would be unduly prejudicial; (2) 
the evidence would bolster testimony already introduced; and (3) portions of the divorce decree
were irrelevant to the matters before the trial court and the jury. It is well settled that a party may
not enlarge a ground of error on appeal to include an objection not asserted at trial. Motor 9,
Inc., v. World Tire Corp., 651 S.W.2d 296, 301 (Tex App.--Amarillo 1983, writ ref'd n.r.e.)
(citing Bohanan v. Hans, 26 Tex. 445, 452 (1863)).

 Even if we assume that the exhibits impermissibly commented on the weight of
the evidence and that Leslie properly voiced this objection, he did not ask the trial court to offer
a limiting instruction before admission of these exhibits. See Tex. R. Civ. Evid. 105(a). The
court specifically instructed Renee's counsel not to comment, refer to, or argue that the judge had
determined custody or that the custody decision had been proper. The record reveals Renee
sought to introduce the exhibits to show Leslie's previous conduct, such as his delinquency in
paying child support. Leslie did not ask for a jury instruction that the exhibits were admissible
for this limited purpose; he merely voiced a general objection to the admission of all the exhibits. 
Although we do not suggest that the documents should have been admitted, we cannot say that
their admission was error causing rendition of an improper judgment. See Tex. R. App. P.
81(b)(1); Tex. R. Civ. Evid. 103(a); see also Standard Fire Ins. Co. v. Reese, 584 S.W.2d 835,
839-40 (Tex. 1979). Leslie does not argue how admission of the documents amounted to
reversible error. He does not show any comments were made to the jury by either party about
the contents of the documents. Furthermore, the record contains sufficient evidence to support
the jury's custody decision. We overrule Leslie's points one and two.

 In his third point of error, Leslie contends that the trial court abused its discretion
in excluding the expert testimony of Dr. Adams and his drug analysis report when Leslie had
designated Adams as an expert in a written supplementation more than thirty days before trial. 
We disagree.

 In this case, Leslie concedes that he did not supplement his answers to Renee's
interrogatories, which asked the identity of Leslie's testifying experts, but rather notified Renee's
counsel by letter attempting to supplement Leslie's oral deposition. While the supreme court has
made clear that a supplementation of discovery must be written, it has not yet addressed the
manner required for supplementing information sought by interrogatories. See Sharpe v.
Broadway Nat'l Bank, 784 S.W.2d 669, 671 (Tex. 1990). One court of appeals, however, has
stated that an expert witness must be properly identified in writing in response to a proper
interrogatory, not merely by letter to opposing counsel but by proper answer to the interrogatory
filed in the case. Stiles v. Royal Ins. Co., 798 S.W.2d 591, 596 (Tex. App.--Dallas 1990, writ
denied). The court held that the trial court did not abuse its discretion in excluding the party's
expert in light of his failure to do so. Id.

 Leslie cites no authority contrary to Stiles supporting his position. Instead, he
relies on a case that held the trial court abused its discretion in striking seven experts designated
more than thirty days before trial. Mother Frances Hosp. v. Coats, 796 S.W.2d 566, 570 (Tex.
App.--Tyler 1990, orig. proceeding). His reliance on this authority poses two problems.

 First, Mother Frances holds that there is no need to show good cause when a party
supplements responses to interrogatories within thirty days before trial. Id. While the transcript
shows that Leslie attempted to supplement his responses thirty days before trial, he did so only
through a letter to Renee's counsel. In Mother Frances, the hospital properly filed and served
supplemental answers to interrogatories. Id. The form of the supplemental answers to
interrogatories was not in dispute.

 Second, Leslie complains that the trial court should have determined whether good
cause existed prior to excluding or striking Dr. Adams' testimony and the test results. We
disagree. The burden of establishing good cause is upon the party offering the evidence and good
cause must be shown in the record. Lopez v. Foremost Paving, Inc., 796 S.W.2d 473, 476 (Tex.
App.--San Antonio 1990, no writ) (citing Tex. R. Civ. P. 215(5); Gee v. Liberty Mut. Fire Ins.
Co., 765 S.W.2d 394, 396 (Tex. 1989); E.F. Hutton & Co. v. Youngblood, 741 S.W.2d 363, 364
(Tex. 1987)). There is no indication in the record that appellant asked the trial court to determine
good cause.

 We hold that the trial court did not abuse its discretion in excluding Dr. Adams'
testimony and his drug test results. (2) We overrule appellant's point three.



DIVISION OF PROPERTY


 In his fourth and final point of error, Leslie complains that the trial court abused
its discretion in the division of the parties' property and in failing to deduct the amount of Renee's
attorney's fees from Leslie's portion of the community estate but instead requiring him to pay
these fees directly as part of the judgment. We disagree.

 Under section 3.63 of the Texas Family Code, (3) a trial court is not required to make
an equal division of community assets, but has wide discretion to make a "just and right" division
that a reviewing court will correct only when an abuse of discretion is shown. Cockerham v.
Cockerham, 527 S.W.2d 162, 173 (Tex. 1975). To abuse its discretion, a trial court must act
arbitrarily and unreasonably, without reference to any guiding principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985). On appeal, we indulge every reasonable
presumption that the trial court properly exercised this discretion. Bell v. Bell, 513 S.W.2d 20,
22 (Tex. 1974).

 Leslie argues that since the trial court made no finding of fault as a cause of the
divorce, no other factor would justify a disproportionate award of community assets to Renee. 
We disagree with Leslie's interpretation. The trial court may consider any number of factors in
making its "just and right" division. These include differences in earning capacity and business
opportunities between the husband and wife, probable need for future support, the award of
custody, the size of the separate estates, and the benefits an innocent spouse would have received
from continuation of the marriage. Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981).

 The trial court in this case found Leslie had a greater earning potential and a larger
separate estate than Renee. Renee was also appointed managing conservator of their two children.
These circumstances sufficiently justify the trial court's award, regardless of the absence of a
finding of fault, as an act within its discretion.

 Even without these findings, the trial court's distribution indicates no abuse of
discretion or grossly disproportionate award. Leslie received his separate property, consisting of
a 25.418-acre tract and 173-acre tract, free and clear of debt, with community assets having paid
approximately eighty percent of the purchase price. He also received the farm equipment, the
crops on his separate property, seed and fertilizer investments, and certain livestock.

 We also disagree with Leslie's contention that Renee's attorney's fees must be
deducted from his portion of the community estate. (4) Leslie relies on the supreme court's decision
in Carle v. Carle, 234 S.W.2d 1002 (Tex. 1950). This reliance is misplaced; Carle did not hold
that a trial court abuses its discretion when it fails to deduct attorney's fees from the paying
spouse's portion. This case merely held that attorney's fees were not chargeable as a matter of
law against the community estate as a whole. Id. at 1005. Here, the trial court considered its
award of attorney's fees to Renee as a factor in its equitable division of the community estate. 
Leslie cites no authority for his position that the court's method of awarding the fees, charging
them directly to Leslie instead of deducting the amount of these fees from his portion of the
community estate, constituted an abuse of discretion, and he fails to show as a practical matter
how these methods are distinguishable.

 Based on the trial court's findings, we conclude that there was no abuse of
discretion in the trial court's division of marital property. We overrule appellant's fourth point
of error.

 We affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: March 31, 1993

[Do Not Publish]

1.   Leslie did not object at trial that the decree was inadmissible because it had been
vacated. He merely objected that the custody provision set out in the document was
irrelevant because of this vacation, a matter we will discuss below. Any other non-fundamental error was thus waived.
2. Leslie has also failed to demonstrate how the exclusion of the testimony caused
rendition of an improper judgment. See Tex. R. App. P. 81(b)(1).
3.   See Tex. Fam. Code Ann. § 3.63 (West 1993).
4.   Leslie does not contend that the trial court erred in granting Renee her attorney's
fees.