TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00571-CV






Gerald Brooks, Independent Executor of the Estate of

Mona Brooks, Deceased, Appellant


v.


Holland Price, IV, Appellee





FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY, 

NO. 226,895, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 






 Gerald Brooks, independent executor of the estate of Mona Brooks, deceased, appeals
a judgment that Holland Price, IV, did not owe the estate payment of an $18,000 loan. This case involves
a series of financial transactions among members of an extended family. The jury found that Holland
borrowed $18,000 from his brother, Spencer Price, and never repaid him. The question on appeal is
whether the evidence is legally and factually sufficient to support the jury's failure to find that Gerald, acting
on behalf of the estate, purchased the loan from Spencer. We will affirm the judgment.

 Spencer, intending to make a loan, gave Holland $18,000. At Holland's request, the bank
issued two cashier's checks to Holland's wife, Terri. She cashed them and gave the proceeds to Holland. 
At Gerald's suggestion, Spencer later prepared a note, but Holland refused to sign it because Terri refused
to sign it. Spencer testified that Gerald purchased the loan from him.

 Terri testified that Holland told her that the checks from Spencer balanced earlier loans
from Holland to Spencer. Now divorced from Holland, Terri said she came to doubt him.

 Holland did not dispute the exchange of money, but challenged the characterization of it
as a loan. (He had said at his deposition that the checks were payment for a loan by Holland to Marion,
their mother and Gerald's sister.) He confirmed that he viewed this transaction as a continuation of a series
of monetary exchanges with his brother. He testified that the "loan" benefitted Spencer and their mother
by funding improvements to their family property and residence.

 Gerald testified that he learned of the unpaid loan from Spencer to Holland while attempting
to mediate various family disputes. One of those disputes was Marion's contention that Holland had
misused his power of attorney to transfer her ranch property to Terri and contract to sell it without her
consent. Gerald said that, in the course of his mediation efforts, Holland, Spencer, and Marion told him
that the Spencer-Holland loan was a legitimate debt and would be repaid when their ranch sold. As sole
beneficiary and executor of his mother's estate, Gerald decided to help Spencer by using part of
approximately $250,000 in idle estate funds to purchase the loan from him. He made out a $20,000 check
to Spencer. On the memo line, he wrote "Loan from Marion." He also said that the purchase was an
attempt to simplify the payments to be made following the sale of the ranch. He testified that the notation
was a mistake; he said he was attempting to keep his family's affairs separate from those of his then-dissolving marriage. He said Marion could not have loaned him that much money. Gerald also testified
that he used estate funds to pay off a $25,000 loan from a Blanco bank to Marion, Holland, and Terri,
Holland's wife.

 Gerald challenges the legal and factual sufficiency of the evidence to support the jury's
failure to find that he purchased the loan from Spencer. In evaluating the legal sufficiency challenge, we first
examine the record for evidence supporting the jury's answer and ignore all contrary evidence. Sterner
v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). If more than a scintilla of evidence supports
the failure to find, we must affirm the judgment. Stiles v. Royal Ins. Co. of Am., 798 S.W.2d 591, 593
(Tex. App.--Dallas 1990, writ denied). Because Gerald bore the burden of proof on this issue, there is
a second step: if no evidence supports the finding, we must then decide if the contrary proposition is
established as a matter of law. Sterner, 767 S.W.2d at 690. When considering the challenge to the factual
sufficiency of the evidence, we must review and weigh all the evidence. We can reverse only if we
conclude that the non-finding was so against the great weight and preponderance of the evidence as to be
clearly wrong and manifestly unjust. Taylor v. Bonilla, 801 S.W.2d 553, 560 (Tex. App.--Austin 1990,
writ denied) (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986)).

 The notation on the check's memo line, "Loan from Marion," provides legally sufficient
evidence for the jury's failure to find that Gerald purchased the loan from Spencer. The fact that the sole
document supposed to memorialize the purchase indicates on its face that it is for some purpose other than
purchasing the loan supports the jury's response. We overrule point one.

 Under point two, we weigh the memo line against the testimony of both Gerald and
Spencer that the loan was purchased. Though their testimony weighs heavily, so does the countervailing
failure of the check to document a purchase of the loan. Gerald's attempts to explain away the memo line
as a mistake and a bookkeeping entry are not conclusive and the jury was entitled to disregard them. 
Gerald's arguments regarding Spencer's inability to collect on the loan (because of Spencer's testimony
in this case and the running of the statute of limitations) are not evidence and do not bear on the sufficiency
of the evidence supporting the jury's finding. We cannot say that the jury's conclusion is against the great
weight and preponderance of the evidence. We overrule point two.

 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: February 27, 1997

Do Not Publish



change of money, but challenged the characterization of it
as a loan. (He had said at his deposition that the checks were payment for a loan by Holland to Marion,
their mother and Gerald's sister.) He confirmed that he viewed this transaction as a continuation of a series
of monetary exchanges with his brother. He testified that the "loan" benefitted Spencer and their mother
by funding improvements to their family property and residence.

 Gerald testified that he learned of the unpaid loan from Spencer to Holland while attempting
to mediate various family disputes. One of those disputes was Marion's contention that Holland had
misused his power of attorney to transfer her ranch property to Terri and contract to sell it without her
consent. Gerald said that, in the course of his mediation efforts, Holland, Spencer, and Marion told him
that the Spencer-Holland loan was a legitimate debt and would be repaid when their ranch sold. As sole
beneficiary and executor of his mother's estate, Gerald decided to help Spencer by using part of
approximately $250,000 in idle estate fu