

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-050-CV

KAREN A. CLARK                                                    APPELLANT

V.

COMPASS BANK, SUCCESSOR-
IN-INTEREST TO TEXASBANK                                          APPELLEE

------------

FROM THE 355TH  DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Karen A. Clark, appellant, appeals from the trial court's grant of summary judgment in favor of appellee, Compass Bank, successor-in-interest to TexasBank.  Appellee sued appellant to collect on a promissory note executed in appellant's individual capacity as well as to collect on a business note that appellant had guaranteed.  In two issues, appellant complains that the trial

---

[1] *See* TEX. R. APP. P. 47.4.

court erred by granting the summary judgment against her without first granting her the continuance she requested and because the judgment violates the "one satisfaction rule" by allowing appellee a double recovery. In its brief, appellee asserts an additional basis upon which to affirm the trial court's judgment: an unchallenged ground upon which the trial court might have awarded it summary judgment. We affirm.

### Factual Background

The record shows that appellant executed a promissory note on August 30, 2002, in the original principal amount of $382,500 (Mortgage Loan) payable to TexasBank, appellee's predecessor, secured by appellant's residence in Granbury. Appellant also signed a guaranty in favor of TexasBank to guaranty another loan advanced to her professional association, Karen A. Clark, M.D., P.A., in the amount of $175,000 (PA Loan) on or about November 13, 2002. The PA Loan was further secured by a security interest in certain collateral such as furniture, fixtures, equipment, inventory, and accounts receivable of her PA, as well as her personal guaranty.

Ultimately, appellant defaulted on both notes. The PA sold the PA collateral and applied the proceeds from those sales to the balance on the PA Loan. But after default and demands to cure, the PA also failed to pay the accelerated balance due and owing on the PA Loan. Appellant also failed to

2

honor her personal guaranty of the PA Loan, which had a balance due and owing of $124,393.62 at the time appellee filed suit on the PA Loan and the guaranty.

Appellant also defaulted on the Mortgage Loan. Appellee's third amended petition claims the balance on the mortgage was $375,507.71. Neither the petition nor the summary judgment motion indicates whether the residence was foreclosed upon. Appellant complained in her response to the motion for summary judgment that appellee had failed to give her sufficient credit for payments made and for collateral sold that should have been applied to the outstanding balances due. Importantly, appellant specifically claims that her Granbury residence was sold and that approximately $300,000 in proceeds should have been applied to the Mortgage Loan balance.

Appellee filed a motion for summary judgment, and appellant filed a response primarily complaining about the balances appellee was claiming on both notes and seeking a continuance on the hearing. Appellee responded below and here that appellant had the duty and obligation to come forward with proper summary judgment proof that would substantiate her claims of offsets, payments, or credits sufficient to defeat summary judgment. Furthermore, appellee specifically denied holding a foreclosure and sale of the residence. The

3

trial court denied appellant's continuance and granted appellee's motion for summary judgment.

## Issues on Appeal

Appellant complains that the trial court erred by denying her motion for continuance of the summary judgment hearing. She also complains of trial court error in failing to give her credit on the Mortgage Loan after the sale of the residence, thereby violating the "one satisfaction rule."

## Continuance

Generally, a trial court's action in granting or denying a motion for continuance will not be disturbed on appeal unless the record discloses an abuse of discretion. *See Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding); *Sw. Country Enters. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 493 (Tex. App.—Fort Worth 1999, pet. denied). In the summary judgment context, a court may order a continuance if the party opposing the motion cannot "for reasons stated present by affidavit facts essential to justify his opposition." *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 161 (Tex. 2004) (citing TEX. R. CIV. P. 166a(g)). And when reviewing a trial court's order denying a motion for continuance, we must look for a clear abuse of discretion on a case-by-case basis. *Id.* "When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing,

4

it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco, Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex. 1996) (citing TEX. R. CIV. P. 166a(g), 251, 252). Rule 251 requires the party moving for a continuance to include an affidavit showing sufficient cause for the continuance with its affidavit. TEX. R. CIV. P. 251; *see also Tri-Steel Structures, Inc. v. Baptist Found. of Tex.*, 166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied). When a movant fails to include an affidavit in support of its motion, the appellate court presumes the trial court did not abuse its discretion in denying the continuance. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *see also Rent Am., Inc. v. Amarillo Nat'l Bank*, 785 S.W.2d 190, 193 (Tex. App.—Amarillo 1990, writ denied) (holding failure to comply with rule 251 results in presumption that trial court did not abuse its discretion). A denial will be reversed only if the trial court acted without regard to guiding principles or was arbitrary or unreasonable. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Tri-Steel Structures*, 166 S.W.3d at 447.

Additionally, if the basis for the requested continuance is "want of testimony," the affidavit must show (1) that the testimony is material, (2) that due diligence has been used to obtain the testimony, (3) that there is an explanation given for the failure to obtain the testimony, and (4) that the

5

testimony cannot be procured from another source. TEX. R. CIV. P. 252; *Tri-Steel Structures*,166 S.W.3d at 448. Furthermore, the failure of a litigant to diligently use the rules of civil procedure for discovery purposes will not authorize the granting of a continuance. *See State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex. 1988). A court will not be required to grant a continuance when the allegations in the motion, examined in light of the record, show a complete lack of diligence. *See id.* (citing *Fritsch v. J.M. English Truck Line, Inc.,* 151 Tex. 168, 246 S.W.2d 856, 858–59 (1952)).

Here, the record shows that appellee filed its original petition and request for disclosure on August 18, 2005, claiming appellant owed appellee $134,225.12 on the PA Loan and $86,233.71 on the Mortgage Loan. Appellee filed its motion for final summary judgment on September 27, 2006, and its third amended petition that same day. These pleadings, for the first time, claimed appellant owed appellee $124,393.62 on the PA loan and $375,507.71 on the Mortgage Loan. Appellee did not supplement its answers to appellant's requests for disclosure to reflect these amounts until October 25, 2006. Appellant's motion for continuance of the summary judgment hearing was filed that same day, along with her Response to Motion for Summary Judgment, on October 25, 2006, five days before the summary judgment

hearing was scheduled.[2]  The motion sought additional time to allow for discovery, specifically complaining about the lack of information supporting the new amounts owed or the amounts subject to any offsets.  Appellant also claimed that she had been unable to obtain some of her records from her prior attorney and that the discovery period for the case had not yet expired.  However, her motion for continuance was not sworn or supported by affidavit, did not comport with rule 166a(g) or comply with the rule 252 factors justifying a continuance on the basis of want of testimony.  TEX. R. CIV. P. 166a(g), 252.  The trial court denied her motion, held the hearing, and entered final judgment in appellee's behalf on October 30, 2006.

At the time of the summary judgment hearing, the only other  discovery appellant had sought was a request for production that appellee had answered (and objected to portions of) on March 14, 2006, seven months prior to her motion for continuance.  Appellant had never requested a hearing on appellee's objections and had not served any further discovery on appellee in the interim.  The case had been on file for over thirteen months, and while the amounts

---

[2] Texas rules require the respondent to file "opposing affidavits or other written response(s)" not later than seven days before the hearing, unless leave of court has been granted.  We note that neither appellant's response nor her motion for continuance complies with this part of rule 166a, either.  *See* TEX. R. CIV. P. 166a(c).

7

claimed by appellee drastically changed at the time appellee filed its motion for summary judgment, appellant sought no further discovery during those thirty-five days. Furthermore, the only discovery appellant pursued during the previous thirteen months was a request for disclosure, despite the fact she had already complained that the balances due were inaccurate.

Because appellant's motion for continuance contains no supporting affidavit, we presume the trial court did not abuse its discretion by denying the continuance. *See Villegas,* 711 S.W.2d at 626. Moreover, appellant failed to show that she exercised due diligence in seeking discovery, an additional requirement for a continuance sought on these grounds. *See Tri-Steel Structures,* 166 S.W.3d at 448. Therefore, we cannot say the trial court abused its discretion by denying appellant's motion for continuance. We overrule appellant's first issue.

**One Satisfaction Rule**

In appellant's second issue, she contends that appellee sold the residence that secured the Mortgage Loan for approximately $300,000 and that the judgment on that loan should have been reduced by that amount. Appellant contends that the balance on the Mortgage Loan could not have been the $375,507.71 awarded by the trial court and by doing so the court violated the "one satisfaction rule."

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* TEX. R. CIV. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). If the uncontroverted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX. R. CIV. P. 166a(c); *Trico Techs. Corp. v. Montiel,* 949 S.W.2d 308, 310 (Tex. 1997).

Appellant cites our opinion in *Foley v. Parlier* to support her position that the appellee's judgment constitutes a double recovery. 68 S.W.3d 870, 882-83 (Tex. App.—Fort Worth 2002, no pet.). There, we held that a party is entitled to but one satisfaction for the injuries or damages sustained. *Id.* at 882-83. The rule requires a successful litigant to choose between remedies so that he does not receive more than one recovery for the same injury. *W. Reserve Life Assur. Co. of Ohio v. Graben,* 233 S.W.3d. 360, 377 (Tex. App.—Fort Worth 2007, no pet.). We agree with appellee that the one satisfaction rule does not even apply under these circumstances. The rule really

9

only prevents a party from recovering under two or more causes of action or theories of liability for the same injury. *See Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 313 (Tex. 2006).

The original mortgage for appellant's residence was $382,500. Appellant contends that she made payments for two years, that she voluntarily surrendered the home to appellee, and that appellee then sold the residence for $300,000. She contends that the amount awarded appellee, based upon its summary judgment evidence, does not give her credit for these payments or for the proceeds from the sale of the residence. She says the appellee received a double recovery.

Here, appellee is the injured party trying to recover the unpaid balances on two promissory notes, one of which was secured by a deed of trust on appellant's residence. Appellant contends that appellee got the money judgment on the two notes *and* title to her residence. In reality, appellant actually is complaining of insufficient credits to the Mortgage Loan that would have potentially resulted in a smaller remaining balance, which she asserted in her pleadings as a failure to credit payments. Furthermore, as to her complaint that appellee failed to giver her credit on the Mortgage Loan for the residence she allegedly gave back to appellee, appellant brought forth no summary judgment evidence to show the payments she made, information that would

10

have been available to appellant through her own records.  This is not a double recovery under two theories of liability; all liability asserted against appellant was based upon the notes and the breach of the payment terms thereof.  Likewise, appellant brought forth no evidence of a foreclosure or sale by appellee, only a conclusory statement that she thought the residence had been sold by appellee for about $300,000.  If appellant had entered into a settlement with appellee or deeded the residence to appellee, documentation of the transaction would have been either in her possession or obtainable through deed records, but again, there is no proof in this record.  There simply is no evidence in this summary judgment record that appellee had foreclosed on its lien securing the Mortgage Loan at the time of the summary judgment hearing.

In appellee's reply to appellant's response to the motion for summary judgment, appellee states it "did not conduct a non-judicial foreclosure sale of its security interest in the real property that secured the payment of the promissory note."[3]  Regardless, appellant failed to sufficiently raise a fact issue regarding any foreclosure, sale, or the accuracy of the balance claimed by appellee on the Mortgage Loan.  *See* TEX. R. CIV. P. 166a(c); *Montiel,* 949

---

[3] Later, in appellee's brief it concedes it foreclosed on the residence, but under a different note and lien, which would not have affected the balance on the Mortgage Loan.

S.W.2d at 310.  We cannot say the one satisfaction rule applies on this record.

We overrule appellant's second issue.

### *Malooly* Point

In appellee's brief, it also asserts a *Malooly* response claiming that

appellant failed to challenge all bases for the summary judgment, thus requiring

affirmance of the trial court's grant of summary judgment in favor of appellee.

In *Malooly Brothers*, the Texas Supreme Court held that appellate courts must

affirm a summary judgment if there is an unchallenged point on appeal not

otherwise covered by a *Malooly* point.  *Malooly Bros., Inc. v. Napier*, 461

S.W.2d 119, 121 (Tex. 1970).  However, when a party asserts a broad point

challenging the summary judgment in its entirety, that is sufficient to allow

argument as to all possible grounds of error.  *Id.*  Appellee correctly points out

that appellant has not asserted a general *Malool*y pont.  At trial, appellant quite

forthrightly never contested the execution or existence of either of the two

notes involved in this suit or their breach.  At trial, appellant only contested

who the legal owner and holder of these notes were and the correctness of the

balances due; on appeal, the challenge was virtually limited to the propriety of

the balances due through both of appellant's issues.  However, because

appellant failed to also include a general *Malooly* point which would have

included at least an attack on the factual basis of the grant of summary

12

judgment in general, we must affirm the judgment below.  *See id.; see also Fluid Concepts, Inc. v. DA Apartments Ltd. P'ship,* 159 S.W.3d 226, 231 (Tex. App.—Dallas 2005, no pet.)*.*  Because appellant has not raised a fact issue in regard to some element of appellee's cause of action, we affirm the judgment of the trial court.

### Conclusion

Because we have overruled all of appellant's issues, we affirm the trial court's judgment.


TERRIE LIVINGSTON
JUSTICE


PANEL A: CAYCE, C.J.; LIVINGSTON AND MCCOY, JJ.

DELIVERED: May 22, 2008