COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-050-CV

 

 

KAREN A. CLARK                                                                APPELLANT

 

                                                   V.

 

COMPASS BANK, SUCCESSOR-

IN-INTEREST TO
TEXASBANK                                                  APPELLEE

 

                                              ------------

 

             FROM
THE 355TH  DISTRICT COURT
OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Karen A. Clark, appellant,
appeals from the trial court=s grant of summary judgment in favor of appellee, Compass Bank,
successor-in-interest to TexasBank. 
Appellee sued appellant to collect on a promissory note executed in
appellant=s individual
capacity as well as to collect on a business note that appellant had
guaranteed.  In two issues, appellant
complains that the trial court erred by granting the summary judgment against
her without first granting her the continuance she requested and because the
judgment violates the Aone
satisfaction rule@ by allowing
appellee a double recovery.  In its
brief, appellee asserts an additional basis upon which to affirm the trial
court=s judgment: an unchallenged ground upon which the trial court might
have awarded it summary judgment.  We
affirm.

                                       Factual Background

The record shows that
appellant executed a promissory note on August 30, 2002, in the original
principal amount of $382,500 (Mortgage Loan) payable to TexasBank, appellee=s predecessor, secured by appellant=s residence in Granbury. 
Appellant also signed a guaranty in favor of TexasBank to guaranty
another loan advanced to her professional association, Karen A. Clark, M.D.,
P.A., in the amount of $175,000 (PA Loan) on or about November 13, 2002.  The PA Loan was further secured by a security
interest in certain collateral such as furniture, fixtures, equipment,
inventory, and accounts receivable of her PA, as well as her personal guaranty.









Ultimately, appellant defaulted
on both notes.  The PA sold the PA
collateral and applied the proceeds from those sales to the balance on the PA
Loan.  But after default and demands to
cure, the PA also failed to pay the accelerated balance due and owing on the PA
Loan.  Appellant also failed to honor her
personal guaranty of the PA Loan, which had a balance due and owing of
$124,393.62 at the time appellee filed suit on the PA Loan and the guaranty. 

Appellant also defaulted on
the Mortgage Loan.  Appellee=s third amended petition claims the balance on the mortgage was
$375,507.71.  Neither the petition nor
the summary judgment motion indicates whether the residence was foreclosed
upon.  Appellant complained in her
response to the motion for summary judgment that appellee had failed to give
her sufficient credit for payments made and for collateral sold that should
have been applied to the outstanding balances due.  Importantly, appellant specifically claims that
her Granbury residence was sold and that approximately $300,000 in proceeds
should have been applied to the Mortgage Loan balance. 








Appellee filed a motion for
summary judgment, and appellant filed a response primarily complaining about
the balances appellee was claiming on both notes and seeking a continuance on
the hearing.  Appellee responded below
and here that appellant had the duty and obligation to come forward with proper
summary judgment proof that would substantiate her claims of offsets, payments,
or credits sufficient to defeat summary judgment.  Furthermore, appellee specifically denied
holding a foreclosure and sale of the residence.  The trial court denied appellant=s continuance and granted appellee=s motion for summary judgment.  

                                         Issues on Appeal

Appellant complains that the
trial court erred by denying her motion for continuance of the summary judgment
hearing.  She also complains of trial
court error in failing to give her credit on the Mortgage Loan after the sale
of the residence, thereby violating the Aone satisfaction rule.@ 

                                            Continuance








Generally, a trial court=s action in granting or denying a motion for continuance will not be
disturbed on appeal unless the record discloses an abuse of discretion.  See Gen. Motors Corp. v. Gayle,
951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding); Sw. Country Enters. v.
Lucky Lady Oil Co., 991 S.W.2d 490, 493 (Tex. App.CFort Worth 1999, pet. denied). 
In the summary judgment context, a court may order a continuance if the
party opposing the motion cannot Afor reasons stated present by affidavit facts essential to justify his
opposition.@  Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 161 (Tex. 2004) (citing Tex.
R. Civ. P. 166a(g)).  And when
reviewing a trial court=s order
denying a motion for continuance, we must look for a clear abuse of discretion
on a case-by-case basis.  Id.  AWhen a party contends that it has not had an adequate opportunity for
discovery before a summary judgment hearing, it must file either an affidavit
explaining the need for further discovery or a verified motion for continuance.@  Tenneco, Inc. v. Enter.
Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996) (citing Tex. R. Civ. P. 166a(g), 251, 252).  Rule 251 requires the party moving for a
continuance to include an affidavit showing sufficient cause for the
continuance with its affidavit.  Tex. R. Civ. P. 251; see also
Tri-Steel Structures, Inc. v. Baptist Found. of Tex., 166 S.W.3d 443, 448
(Tex. App.CFort Worth
2005, pet. denied).  When a movant fails
to include an affidavit in support of its motion, the appellate court presumes
the trial court did not abuse its discretion in denying the continuance.  See Villegas v. Carter, 711 S.W.2d
624, 626 (Tex. 1986);  see also Rent
Am., Inc. v. Amarillo Nat'l Bank, 785 S.W.2d 190, 193 (Tex. App.CAmarillo 1990, writ denied) (holding failure to comply with rule 251
results in presumption that trial court did not abuse its discretion).  A denial will be reversed only if the trial
court acted without regard to guiding principles or was arbitrary or
unreasonable.   BMC Software Belg.,
N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002); Tri-Steel Structures,
166 S.W.3d at 447.








Additionally, if the basis
for the requested continuance is Awant of testimony,@ the affidavit must show (1) that the testimony is material, (2) that
due diligence has been used to obtain the testimony, (3) that there is an
explanation given for the failure to obtain the testimony, and (4) that the
testimony cannot be procured from another source.  Tex.
R. Civ. P. 252; Tri‑Steel Structures,166 S.W.3d at
448.  Furthermore, the failure of a
litigant to diligently use the rules of civil procedure for discovery purposes
will not authorize the granting of a continuance.  See State v. Wood Oil Distrib., Inc.,  751 S.W.2d 863, 865 (Tex. 1988).  A court will not be required to grant a
continuance when the allegations in the motion, examined in light of the
record, show a complete lack of diligence. 
See id. (citing Fritsch v. J.M. English Truck Line, Inc., 151
Tex. 168, 246 S.W.2d 856, 858B59 (1952)). 








Here, the record shows that
appellee filed its original petition and request for disclosure on August 18,
2005, claiming appellant owed appellee $134,225.12 on the PA Loan and
$86,233.71 on the Mortgage Loan. 
Appellee filed its motion for final summary judgment on September 27,
2006, and its third amended petition that same day.  These pleadings, for the first time, claimed
appellant owed appellee $124,393.62 on the PA loan and $375,507.71 on the
Mortgage Loan.  Appellee did not
supplement its answers to appellant=s requests for disclosure to reflect these amounts until October 25,
2006.  Appellant=s motion for continuance of the summary judgment hearing was filed
that same day, along with her Response to Motion for Summary Judgment, on
October 25, 2006, five days before the summary judgment hearing was scheduled.[2]  The motion sought additional time to allow
for discovery, specifically complaining about the lack of information
supporting the new amounts owed or the amounts subject to any offsets.  Appellant also claimed that she had been
unable to obtain some of her records from her prior attorney and that the
discovery period for the case had not yet expired.  However, her motion for continuance was not
sworn or supported by affidavit, did not comport with rule 166a(g) or comply
with the rule 252 factors justifying a continuance on the basis of want of
testimony.  Tex. R. Civ. P. 166a(g), 252. The trial court denied her
motion, held the hearing, and entered final judgment in appellee=s behalf on October 30, 2006. 








At the time of the summary
judgment hearing, the only other 
discovery appellant had sought was a request for production that
appellee had answered (and objected to portions of) on March 14, 2006, seven
months prior to her motion for continuance. 
Appellant had never requested a hearing on appellee=s objections and had not served any further discovery on appellee in
the interim.  The case had been on file
for over thirteen months, and while the amounts claimed by appellee drastically
changed at the time appellee filed its motion for summary judgment, appellant
sought no further discovery during those thirty-five days.  Furthermore, the only discovery appellant
pursued during the previous thirteen months was a request for disclosure,
despite the fact she had already complained that the balances due were
inaccurate.

Because appellant=s motion for continuance contains no supporting affidavit, we presume
the trial court did not abuse its discretion by denying the continuance.  See Villegas, 711 S.W.2d at 626.  Moreover, appellant failed to show that she
exercised due diligence in seeking discovery, an additional requirement for a
continuance sought on these grounds.  See
Tri-Steel Structures, 166 S.W.3d at 448. 
Therefore, we cannot say the trial court abused its discretion by
denying appellant=s motion for
continuance.  We overrule appellant=s first issue.

                                      One Satisfaction Rule

In appellant=s second issue, she contends that appellee sold the residence that
secured the Mortgage Loan for approximately $300,000 and that the judgment on
that loan should have been reduced by that amount.  Appellant contends that the balance on the
Mortgage Loan could not have been the $375,507.71 awarded by the trial court
and by doing so the court violated the Aone satisfaction rule.@   








A plaintiff is entitled to
summary judgment on a cause of action if it conclusively proves all essential
elements of the claim.  See Tex. R. Civ. P. 166a(a), (c); MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  When reviewing a summary judgment, we
take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s favor.  IHS Cedars
Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004). If the uncontroverted evidence is from an interested witness, it
does nothing more than raise a fact issue unless it is clear, positive and
direct, otherwise credible and free from contradictions and inconsistencies,
and could have been readily controverted. 
Tex. R. Civ. P. 166a(c); Trico
Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997). 








Appellant cites our opinion
in Foley v. Parlier to support her position that the appellee=s judgment constitutes a double recovery.  68 S.W.3d 870, 882-83 (Tex. App.CFort Worth 2002, no pet.). 
There, we held that a party is entitled to but one satisfaction for the
injuries or damages sustained.  Id.
at 882-83.  The rule requires a
successful litigant to choose between remedies so that he does not receive more
than one recovery for the same injury.  W.
Reserve Life Assur. Co. of Ohio v. Graben, 233 S.W.3d. 360, 377 (Tex. App.CFort Worth 2007, no pet.).  We
agree with appellee that the one satisfaction rule does not even apply under
these circumstances.  The rule really
only prevents a party from recovering under two or more causes of action or
theories of liability for the same injury. 
See Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 313 (Tex.
2006).

The original mortgage for
appellant=s residence
was $382,500.  Appellant contends that
she made payments for two years, that she voluntarily surrendered the home to
appellee, and that appellee then sold the residence for $300,000.  She contends that the amount awarded
appellee, based upon its summary judgment evidence, does not give her credit
for these payments or for the proceeds from the sale of the residence.  She says the appellee received a double
recovery.













Here, appellee is the injured
party trying to recover the unpaid balances on two promissory notes, one of
which was secured by a deed of trust on appellant=s residence.  Appellant contends
that appellee got the money judgment on the two notes and title to her
residence.  In reality, appellant
actually is complaining of insufficient credits to the Mortgage Loan that would
have potentially resulted in a smaller remaining balance, which she asserted in
her pleadings as a failure to credit payments. 
Furthermore, as to her complaint that appellee failed to giver her
credit on the Mortgage Loan for the residence she allegedly gave back to
appellee, appellant brought forth no summary judgment evidence to show the
payments she made, information that would have been available to appellant
through her own records.  This is not a
double recovery under two theories of liability; all liability asserted against
appellant was based upon the notes and the breach of the payment terms
thereof.  Likewise, appellant brought
forth no evidence of a foreclosure or sale by appellee, only a conclusory statement
that she thought the residence had been sold by appellee for about
$300,000.  If appellant had entered into
a settlement with appellee or deeded the residence to appellee, documentation
of the transaction would have been either in her possession or obtainable
through deed records, but again, there is no proof in this record.  There simply is no evidence in this summary
judgment record that appellee had foreclosed on its lien securing the Mortgage
Loan at the time of the summary judgment hearing.          In
appellee=s reply to appellant=s response to the motion for summary judgment, appellee states it Adid not conduct a non-judicial foreclosure sale of its security
interest in the real property that secured the payment of the promissory note.@[3]  Regardless, appellant failed
to sufficiently raise a fact issue regarding any foreclosure, sale, or the
accuracy of the balance claimed by appellee on the Mortgage Loan.  See
Tex. R. Civ. P. 166a(c); Montiel, 949 S.W.2d at 310.  We cannot say the one satisfaction rule
applies on this record.  We overrule
appellant=s second
issue.

                                           Malooly Point








In appellee=s brief, it also asserts a Malooly response claiming that
appellant failed to challenge all bases for the summary judgment, thus
requiring affirmance of the trial court=s grant of summary judgment in favor of appellee.  In Malooly Brothers, the Texas Supreme
Court held that appellate courts must affirm a summary judgment if there is an
unchallenged point on appeal not otherwise covered by a Malooly
point.  Malooly Bros., Inc. v. Napier,
461 S.W.2d 119, 121 (Tex. 1970). 
However, when a party asserts a broad point challenging the summary
judgment in its entirety, that is sufficient to allow argument as to all
possible grounds of error.  Id.  Appellee correctly points out that
appellant has not asserted a general Malooly pont.  At trial, appellant quite forthrightly never
contested the execution or existence of either of the two notes involved in
this suit or their breach.  At trial,
appellant only contested who the legal owner and holder of these notes were and
the correctness of the balances due; on appeal, the challenge was virtually
limited to the propriety of the balances due through both of appellant=s issues.  However, because
appellant failed to also include a general Malooly point which would
have included at least an attack on the factual basis of the grant of summary
judgment in general, we must affirm the judgment below.  See id.; see also Fluid Concepts,
Inc. v. DA Apartments Ltd. P=ship, 159 S.W.3d 226, 231 (Tex.
App.CDallas 2005, no pet.).  Because
appellant has not raised a fact issue in regard to some element of appellee=s cause of action, we affirm the judgment of the trial court. 

                                             Conclusion

Because we have overruled all
of appellant=s issues, we
affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A: CAYCE, C.J.; LIVINGSTON AND MCCOY, JJ.

DELIVERED: May 22, 2008  











[1]See Tex. R. App. P. 47.4.





[2]Texas
rules require the respondent to file Aopposing affidavits or other
written response(s)@ not
later than seven days before the hearing, unless leave of court has been
granted.  We note that neither appellant=s
response nor her motion for continuance complies with this part of rule 166a,
either.  See Tex. R. Civ. P. 166a(c).





[3]Later,
in appellee=s
brief it concedes it foreclosed on the residence, but under a different note
and lien, which would not have affected the balance on the Mortgage Loan.